Dye, J.
 

 This article 78 proceeding in the nature of certiorari to review was instituted to vacate and set aside a determination of the State Bent Administrator. The challenged determination modifies a prior determination which had granted landlord’s application for compensation for the cost of converting the subject housing accommodations from DC to AC electric current, by reducing same from the monthly sum of $1.50 per housing unit to 25 cents. The landlord had undertaken and completed the conversion as a major capital improvement, pursuant to and in reliance upon the Bent Administrator’s Schedule of Bental Values (as revised July 1, 1953) which granted to landlords who changed from DC to AC current the flat sum of $1.50 per housing unit per month, the publicly announced purpose being to induce landlords to rehabilitate and improve their property. In conformity with such schedule, the local rent administrator, by order issued September 29, 1953, increased the maximum rent allowable by $1.50 per month per unit, which the State Bent Administrator reaffirmed under date of January 20, 1954. The reduction complained of, as contained in the order dated July 27, 1954, was based on a subsequent revision of the conversion schedule to provide that ‘£ In the future the adjustment will be based upon an amortization of the actual cost ” (Supp. No. 7 dated Dec. 8,1953).
 

 While the Bent Administrator has very broad powers and may, under appropriate circumstances, change his determination
 
 (Matter of Cupo
 
 v.
 
 McGoldrick,
 
 278 App. Div. 108) and even, on remission for further consideration following a review
 
 *90
 
 in the courts, may reach a different result
 
 (Matter of Yasser
 
 v.
 
 McGoldrick,
 
 306 N. Y. 924), that is not to say that the Bent: Administrator may retroactively apply, over landlord’s objection, his subsequently revised schedule, in order to set aside a. previous order, made in accordance with the then applicable-schedule. When he does so, his determination must be deemed'so contrary to the long-established practice against retrospective application of rules and regulations and so unreasonable-— particularly when, in a case such as this, the rule itself provides for prospective application — as to constitute an abuse of administrative discretion.
 

 The order of the Appellate Division and that of Special Term should be reversed, with costs in all courts, the order of the State Bent Administrator dated July 27,1954 should be annulled, and his order of January 20, 1954 confirming the order of the local rent administrator of September 29, 1953 should be reinstated.
 

 Conway, Ch. J., Desmond, Fund, Froessel, Van Voorhis and Burke, JJ., concur.
 

 Order of the Appellate Division and that of Special Term reversed, with costs in all courts, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.