■ In the Matter of KAY HAKIM, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and CECILE SCHOBERLE, Intervenor-Respondent. [708 NYS2d 112] —Judgment, Supreme Court, New York County (Richard Braun, J.), entered September 3, 1998, which, in this CPLR article 78 proceeding, dismissed the petition challenging respondent New York State Division of Housing and Community Renewal's (DHCR's) denial of the owner's Petition for Administrative Review (PAR) of the Rent Administrator's rent reduction order, pursuant to a finding that the owner had decreased service by eliminating a purported storage space at the subject premises, unanimously reversed, on the law, without costs, the petition reinstated, and the matter remanded so that DHCR may consider the impact of a November 1995 DHCR Memorandum on its determination whether the alleged removal of storage space warranted a rent reduction for the tenants in this proceeding.

On January 29, 1990, 17 tenants of 235 West 71st Street filed a building-wide complaint alleging various problems which they alleged constituted decreases in services. One of the tenants' complaints was that the landlord eliminated a space in the building's basement, which tenants had previously used for storage. Tenants were notified, by letter dated February 16,

1983, that the room had to be cleared of all personal belongings by February 28, 1983. The landlord contests ever authorizing tenants to store personal items in this room, and the 1984 building registration does not indicate that storage space was available to tenants of the building. The Rent Administrator directed a building-wide rent reduction, finding that storage space was a required service, and it directed the landlord to restore use of the room.

On November 10, 1995, while the landlord's administrative appeal was pending, DHCR issued an inter-office memorandum listing certain commonly complained of conditions which may, in certain circumstances, be "de minim[i]s" in nature and not rising to the level of decreases in services. DHCR stated that "[a]ll staff should familiarize themselves with the list and, when processing cases involving such issues, closely scrutinize the facts surrounding the conditions to determine their severity and the impact on tenants." One of the listed conditions is the removal or reduction in storage space, unless a specific lease rider is provided to tenants allowing storage space, or unless formal storage boxes or bins were provided within three years of the filing of the complaint.

In a supplement to its pending PAR, the landlord requested that DHCR consider this November 1995 Memorandum in determining the petition. DHCR denied the petition, without referring to the memo. The landlord then commenced this article 78 proceeding, and DHCR cross moved to remit the matter, admitting that it "did not appropriately consider the owner's assertion concerning the impact of a November 1995 DHCR Memorandum concerning the processing of de minim[i]s issues, on the issue of storage space for the tenants in this proceeding." The Court denied the DHCR's application, and it dismissed the owner's petition.

DHCR's November 1995 Memorandum was intended to serve as a guideline for the uniform processing of complaints that required services had been reduced. By moving to remit the matter, the agency implicitly conceded that by failing to compare these facts to the types of removal or reduction of storage space specifically described in the memorandum, it failed to adhere to existing standards and precedent in rendering its decision (*see*, *Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516). Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Rubin, JJ. [*See*, 176 Misc 2d 358.]