■ 9-10 ALDEN PLACE, L. L. C., Appellant, v THOMAS CHEN, Respondent. [719 NYS2d 697] —In an action, *inter alia,* for a judgment declaring a lease null and void, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Barone, J.), entered November 18, 1999, which denied its motion for leave to enter judgment against the defendant upon his failure to appear or answer, and granted those branches of the defendant's cross motion which were, in effect, to extend his time to appear and to dismiss the complaint, and (2), as limited by its brief, from so much of an order of the same court, entered March 24, 2000, as, upon granting its motion, in effect, for renewal, adhered to the original determination.

Ordered that the appeal from the order entered November 18, 1999, is dismissed, as that order was superseded by the order entered March 24, 2000, made upon renewal; and it is further,

Ordered that the order entered March 24, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff landlord commenced this action, *inter alia,* for a

judgment declaring the defendant tenant's lease for a rent-stabilized apartment to be null and void. The plaintiff alleged that the lease was the product of a fraud committed by the defendant and the previous landlord. However, in support of that branch of his cross motion which was to dismiss the complaint, the defendant demonstrated that the plaintiff had raised this same allegation in a proceeding between the parties before the New York State Division of Housing and Community Renewal (hereinafter the DHCR). In that proceeding, wherein the defendant sought to compel the plaintiff to tender a renewal lease, the allegation of fraud was found to be without merit. The plaintiff failed to demonstrate the absence of a full and fair opportunity to litigate this issue before the DHCR, and accordingly the Supreme Court properly dismissed the complaint on the ground that the action was barred by the doctrine of collateral estoppel (*see*, CPLR 3211 [a] [5]; *Grassini v Paravalos*, 270 AD2d 52).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Friedmann, H. Miller and Smith, JJ., concur.