■ In the Matter of SHARON M. ATKINSON, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 3410 KINGSBRIDGE PARTNERS, Intervenor-Respondent. [720 NYS2d 463] —Judgment, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about May 17, 2000, which denied

petitioner tenant's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination that there was no reduction in building-wide services warranting a reduction in rent, and dismissed the proceeding, unanimously affirmed, without costs.

Petitioner's application for a rent reduction, commenced in 1993, was granted on default in August 1997, but, while the landlord's timely filed petition for administrative review (PAR) was pending, the Rent Administrator reopened the proceeding. Such reopening was premised on the ground that the landlord, who purchased the building in 1995, was never served with a copy of the administrative complaint, even though DHCR had learned of the landlord's ownership of the building through other proceedings. Thereupon, the landlord's PAR was dismissed as moot, the Rent Administrator determined that there was no reduction in services, the prior rent reduction order was revoked as an "irregularity in a vital matter" pursuant to Rent Stabilization Code (9 NYCRR) § 2527.8, the rent arrears that accumulated as a result of the revoked rent reduction order were directed to be repaid in monthly installments, and the tenant's PAR was denied. DHCR's holding that the circumstances were such as to warrant the Rent Administrator's reopening of the proceeding and subsequent order directing payment of rent arrears is a rational interpretation of the statute it administers, and should not be disturbed (*see, Matter of Salvati v Eimicke*, 72 NY2d 784, 791; *cf., Matter of Ista Mgt. v State Div. of Hous. & Community Renewal*, 161 AD2d 424). Petitioner's argument that the prior owner merely transferred the building to an entity controlled by itself, and that there was thus no truly new owner, was properly rejected by the motion court as improperly raised for the first time in the CPLR article 78 proceeding (*see, Matter of Rozmae Realty v State Div. of Hous. & Community Renewal*, 160 AD2d 343, *lv denied* 76 NY2d 712). We have considered petitioner's other arguments and find them unavailing. Concur—Tom, J. P., Andrias, Ellerin and Saxe, JJ.