In the Matter of SHERWOOD 34 ASSOCIATES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and GARY SCHWEDOCK et al., Respondents. [765 NYS2d 592] —Order and judgment (one paper), Supreme Court, New York County (Richard Braun, J.), entered September 19, 2002, which, to the extent appealed from, denied the CPLR article 78 petition challenging a New York State Division of Housing and Community Renewal (DHCR) order dated November 14, 2000, denied DHCR's cross motion to remit, and dismissed the proceeding, unanimously reversed, on the law, without costs, the cross motion granted and the matter remitted to DHCR for further factfinding and determination.

The instant article 78 proceeding, brought by petitioner Sherwood 34 Associates (Sherwood), the owner of two adjoining buildings on Tenth Avenue in Manhattan, arises out of two diametrically opposed orders issued by DHCR between 1987 and 1988 regarding one of those buildings.

In or about 1985, Sherwood's predecessor, JCJ Realty Corp. (JCJ), commenced a proceeding before the DHCR for an administrative determination (the AD proceeding) as to whether the building located at 447 Tenth Avenue was subject to the Rent Stabilization Law. Respondents Schwedock and Kobrick were, and remain, tenants in that four-story building, which contains three residential apartments on the upper two floors and office and commercial space on the bottom two floors. Although the building had fewer than six residential apartments, which would make it exempt from the Rent Stabilization Law (RSL), Schwedock and Kobrick argued in the AD proceeding that the building was operated interdependently with the neighboring building located at 449 Tenth Avenue, which had six residential apartments, and that the two buildings together comprised a "horizontal multiple dwelling" (HMD), which included nine apartments and, therefore, was subject to the RSL. JCJ argued that the buildings were not so interdependent as to constitute an HMD. In April 1986, while the AD proceeding was pending, petitioner Sherwood 34 Associates purchased the two buildings from JCJ.

In an order dated February 13, 1987 (the Schwedock order), the DHCR Rent Administrator determined that the "subject premises are part of a horizontal multiple dwelling" and thus subject to the Rent Stabilization Law and DHCR jurisdiction. No factual findings were included in the order. Neither Sherwood nor its predecessor filed a petition for administrative review (PAR) of the Schwedock order. Two additional orders, issued in February 1988, explicitly relied on the Schwedock order's determination that "the subject building is under the jurisdiction of DHCR," and directed Sherwood to register the building and offer Schwedock and Kobrick a renewal lease.

Meantime, a rent overcharge proceeding commenced by Steven Treiber, also a resident of 447 Tenth Avenue, resulted in an order, dated September 23, 1988 (the Treiber order), which, without referring to either the Schwedock or the February 1988 orders, determined that the "subject building contains less than six units. Accordingly, it is not under the authority of the Rent Stabilization Law and Code * * * [and] this Agency does not have jurisdiction over this matter." Treiber filed a PAR, which Sherwood opposed on a number of grounds, including its assertion that the buildings at 447 and 449 Tenth Avenue did not comprise an HMD. While the PAR was pending, Sherwood brought an ejectment action against Treiber in Supreme Court. Treiber argued, among other things, that the case should be dismissed on res judicata grounds based upon the Schwedock order's determination that the building was an HMD subject to the Rent Stabilization Law. Sherwood countered with the Treiber order, which determined that the building was *not* subject to the Rent Stabilization Law. In a decision dated August 11, 1989, the Supreme Court noted: "It is not clear from the papers whether the two DHCR decisions are two separate inconsistent decisions or whether DHCR has reversed its first decision by issuing the subsequent decision. However, in view of DHCR's subsequent decision that the subject premises are not subject to rent stabilization, the [tenants] are not entitled to a dismissal based on res judicata." Treiber's PAR was subsequently terminated by DHCR for Treiber's failure to respond to DHCR notices.

On August 18, 2000, Sherwood filed an application for an administrative determination as to whether the 447 Tenth Avenue building is exempt from the Rent Stabilization Law, contending that the building contained fewer than six apartments and was not part of an HMD with 449 Tenth Avenue. Sherwood's application included a number of documents and other evidence intended to demonstrate that the buildings oper-

ated independently of each other. Some of the evidence suggests that certain changes in the buildings' operation had been implemented since the original Schwedock order was issued in February 1987. A November 3, 2000 order denied Sherwood's application based upon the Schwedock order, which the Rent Administrator determined operated as res judicata to bar Sherwood's application. Sherwood filed a PAR, and, on November 14, 2000, the Commissioner of DHCR found that the issue of the building's status as an HMD had been litigated in the Schwedock administrative determination proceeding and that Sherwood failed to file a PAR against the Schwedock order or otherwise to object to the regulation of the building during the 13 years following the issuance of that order. Based on these findings, the Commissioner determined that Sherwood was barred by res judicata and laches from asserting that the building was exempt from the Rent Stabilization Law.

Sherwood then commenced this article 78 proceeding challenging the Commissioner's November 14, 2000, order. DHCR, reversing course, filed a cross motion to remit the matter for further factfinding and a new determination. Respondents Schwedock and Kobrick filed an answer seeking an order denying the article 78 petition and affirming the Commissioner's order. Supreme Court, finding that Sherwood's predecessor had a full and fair opportunity to litigate the issue of whether the building was subject to the RSL and that Sherwood "stepped into its predecessor's shoes," denied the petition and DHCR's cross motion for remission, and dismissed the proceeding. Sherwood and DHCR both appeal from Supreme Court's order and judgment.

Rent Stabilization Code (9 NYCRR) § 2527.8 provides that "[t]he DHCR, on application of either party, or on its own initiative, and upon notice to all parties affected, may issue a superseding order modifying or revoking any order issued by it under this or any previous Code where the DHCR finds that such order was the result of illegality, irregularity in vital matters or fraud." The Court of Appeals has confirmed DHCR's broad powers and authority to alter its prior determinations on remission (*see e.g. Matter of Alamac Estates v McGoldrick*, 2 NY2d 87, 89-90 [1956]; *Matter of Yasser v McGoldrick*, 306 NY 924 [1954]; *see also Matter of Alcoma Corp. v New York State Div. of Hous. & Community Renewal*, 170 AD2d 324 [1991], *affd* 79 NY2d 834 [1992]). In addition, this Court has held that the DHCR may reverse a prior determination, even long after the time to appeal has expired, where the initial order resulted from "illegality, irregularity in vital matters, or fraud" (*see Luchetti v Office of Rent Control*, 49 AD2d 532 [1975]).

Contrary to the determination of the IAS court, application of the doctrine of res judicata is not appropriate where there are two directly conflicting DHCR decisions as to DHCR's jurisdiction over the same building, each of which could arguably have preclusive effect on subsequent matters. How the DHCR could have found so conclusively in 1987 that the building was an HMD, and thus subject to DHCR jurisdiction and the Rent Stabilization Law, and, one year later, determine the contrary with regard to the same building is unexplained, as the court noted in the Treiber eviction proceedings. In addition, although the November 14, 2000 order asserts that the Schwedock order is entitled to greater weight than the Treiber order, neither order indicates the factual basis for its ultimate conclusion, and both are, consequently, of continuing questionable validity.

DHCR concedes its errors in the issuance of the conflicting orders in seeking to have the matter remitted for further fact-finding and determination (*see Matter of Hakim v Division of Hous. & Community Renewal*, 273 AD2d 3, 4 [2000], *appeal dismissed* 95 NY2d 887 [2000]). More is at issue here than simply whether Sherwood gets a new opportunity to argue that the buildings do not constitute an HMD. The existence of two diametrically opposed decisions regarding whether the same building is subject to the Rent Stabilization Law constitutes an "irregularity in vital matters" that should be resolved by remission to the DHCR (*see Matter of Cupo v McGoldrick*, 278 App Div 108, 112 [1951]; *see also Matter of Seril v New York State Div. of Hous. & Community Renewal*, 205 AD2d 347 [1994], *lv denied* 84 NY2d 904 [1994], *appeal withdrawn* 84 NY2d 1008 [1994]; *Matter of 47 Clinton St. Co. v New York State Div. of Hous. & Community Renewal*, 161 AD2d 402, 403 [1990]).

Whether the jurisdictional question should be determined on remission based upon evidence of the buildings' operations as they existed when the Schwedock order was issued in 1987 or based upon how the buildings currently operate, and, assuming different conditions exist that would lead to different conclusions, how the matter should best be decided are questions that also should be decided by DHCR on remission in conformance with its governing rules (*see e.g. Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 150 [2002]). Concur—Tom, J.P., Sullivan, Rosenberger and Gonzalez, JJ.