■ In the Matter of BRUCE PORTER et al., Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and DUANE STREET REALTY, LLC, Appellant. [857 NYS2d 110]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 7, 2007, which, to the extent appealed from, granted the cross motion of respondent Division of Housing and Community Renewal (DHCR) for an order remitting the matter to itself for further consideration, unanimously affirmed, without costs.

Rent Stabilization Code (9 NYCRR) § 2527.8 provides that "DHCR, on application of either party, or on its own initiative, and upon notice to all parties affected, may issue a superseding order modifying or revoking any order issued by it under this or any previous Code where the DHCR finds that such order was the result of illegality, irregularity in vital matters or fraud." The Court of Appeals has confirmed DHCR's broad powers and authority to alter its prior determinations on remission (*see e.g. Matter of Yasser v McGoldrick*, 306 NY 924 [1954], *affg* 282 App Div 1056 [1953]; *see also* McKinney's Uncons Laws of NY § 8608 [Local Emergency Housing Rent Control Act § 8, as added by L 1962, ch 21, § 1, as amended]), and this Court has held that remission for further fact-finding and determination is appropriate where, as here, DHCR concedes an error in the issuance of its determination (*see Matter of Hakim v Division of Hous. & Community Renewal*, 273 AD2d 3 [2000], *appeal dismissed* 95 NY2d 887 [2000]), and where the determination resulted from an "irregularity in vital matters" (*see Matter of Sherwood 34 Assoc. v New York State Div. of Hous. & Community Renewal*, 309 AD2d 529, 532 [2003]).

Here, DHCR has conceded that its review of several issues raised by the tenants was inadequate, including whether the owner's plans constitute a demolition under the Rent Stabilization Law, whether certain protections of the Loft Law extend to these rent-stabilized tenancies, and whether the owner was obligated to timely obtain a work permit or offer lease renewals prior to DHCR's determination of the instant demolition application (*see Hakim* at 4; *Matter of 47 Clinton St. Co. v New York State Div. of Hous. & Community Renewal*, 161 AD2d 402, 403 [1990] [remission proper where DHCR conceded that determination was made without benefit of complete necessary documentation of owner and full opposition by tenants]).

Moreover, DHCR's determination that the owner satisfied its requirement to show the financial ability to complete the demolition project by demonstrating it had a $5 million credit line reflects an irregularity, given DHCR's own finding that the

owner had greatly underestimated the required relocation expenses. Accordingly, remission was appropriate (*Sherwood 34 Assoc.* at 532; *Matter of Alcoma Corp. v New York State Div. of Hous. & Community Renewal,* 170 AD2d 324 [1991], *affd* 79 NY2d 834 [1992]). Concur—Mazzarelli, J.P., Saxe, Gonzalez and Acosta, JJ.