(December 29, 2015)

■ In the Matter of THE 60 EAST 12TH STREET TENANTS' AS-SOCIATION et al., Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 12 BROAD-WAY REALTY LLC, Appellant. In the Matter of 12 BROADWAY REALTY LLC, Appellant, v NEW YORK STATE DIVISION OF HOUS-ING AND COMMUNITY RENEWAL, Respondent, and THE 60 EAST 12th STREET TENANTS' ASSOCIATION et al., Intervenors-Respon-dents. [23 NYS3d 40]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 24, 2014, which, insofar as appealed from as limited by the briefs, granted the petition of 60 East 12th Street Tenants' Association and Jeffrey Schanback, as its President and Tenant Representative (collectively, Tenants), to the extent of annulling so much of the determination of the New York State Division of Housing and Community Renewal (DHCR), dated August 15, 2013, which effectively granted in part and denied in part the application of 12 Broadway Realty LLC (Owner) for a rent increase based on a claimed major capital improvement (MCI) involving resurfacing of exterior walls of the subject building, and remanded to DHCR with conditions precluding it from reconsidering that MCI issue, modified, on the law, to permit DHCR on remand to address Owner's application for an MCI rent increase based on resurfacing work consistent with this decision, and otherwise affirmed, without costs.

Owner applied for an MCI rent increase on or about Novem-ber 13, 2007, claiming, among other things, that it expended $1,931,013.69 on resurfacing the exterior brick walls of its apartment building. DHCR's Rent Administrator denied this application, insofar as relevant on appeal, on October 9, 2009. Among other things, the Rent Administrator disapproved the

claimed work on the ground that the useful life of prior such work had not expired and Owner had not obtained a waiver from DHCR following its June 20, 1995 order granting an MCI rent increase. The 1995 order described the previous work, which was completed in or about 1993, as follows, without any elaboration or supporting fact findings: "RESURF EXT WALLS ETC." Then, in an order dated February 20, 1998, DHCR modified the 1995 order by offsetting the rent increase in light of Owner's receipt of a tax abatement. The 1998 order described the previous work as follows, again without elaboration or findings: "WATERPROOFING, POINTING, MASONRY."

Owner filed a request for reconsideration (RFR) of the 2009 order, which the Rent Administrator granted. On or about June 30, 2011, the Rent Administrator granted in part and denied in part Owner's RFR, finding the useful life requirement partly applicable, and rejecting Owner's contention that the 1998 order contradicted the 1995 order as to the nature of the previous work. Owner and Tenants each filed a separate, undisputedly timely petition for administrative review (PAR) from the Rent Administrator's 2011 order. On or about August 15, 2013, DHCR's Deputy Commissioner issued an order which granted Owner's PAR to the extent of modifying the MCI rent increase to $46.25 per room per month, found that the Rent Administrator had improperly disallowed some of the claimed "exterior resurfacing costs," otherwise denied Owner's PAR, and denied Tenants' PAR in its entirety.

In these two ensuing consolidated CPLR article 78 proceedings, the court effectively annulled the determination to grant reconsideration of the resurfacing issue. By order entered January 23, 2015, the court granted Owner's motion for leave to appeal to this Court.

The court erred in finding that Owner failed to exhaust its administrative remedies. Notwithstanding that Owner filed an RFR rather than a PAR from the 2009 order, Owner undisputedly filed a timely PAR from the 2013 order challenged in these proceedings (cf. *Matter of Klein v New York State Div. of Hous. & Community Renewal*, 17 AD3d 186 [1st Dept 2005]).

Moreover, the court should not have effectively annulled DHCR's reconsideration of the MCI issue and precluded it on remand from resolving the discrepancy between the 1995 and 1998 orders as to the nature of the work performed on the building which justified the 1995 grant of an MCI rent increase. DHCR has the authority to apply its expertise to the question of Owner's entitlement to a subsequent MCI rent increase. Although the Rent Administrator's 2011 order largely rejected

Owner's MCI application and conclusorily disregarded the discrepancy between the 1995 and 1998 orders, the subsequent challenged order used the language of the 1998 order in describing the First Project as waterproofing and pointing. DHCR correctly viewed those several orders as so inconsistent and unclear about this matter as to constitute an irregularity in a vital matter, warranting a remand (*see* Rent Stabilization Code [9 NYCRR] § 2527.8; *see also Matter of Atkinson v Division of Hous. & Community Renewal*, 280 AD2d 326 [1st Dept 2001]). As this Court recognized in *Matter of Peckham v Calogero* (54 AD3d 27, 28 [1st Dept 2008], *affd* 12 NY3d 424 [2009]), when such an "irregularity in vital matters" is presented, and the agency is not merely attempting to reach a different determination, a remand is appropriate despite the otherwise final nature of the questioned order. This is in keeping with the deferential standard utilized in assessing the careful and considered approach to this problem taken by the administrative agency (DHCR) charged with the responsibility over the subject matter at issue. Contrary to Tenants' argument, such "irregularity in vital matters" is not limited to procedural defects but may be substantive in nature (*see e.g. Matter of Silverstein v Higgins*, 184 AD2d 644 [2d Dept 1992]).

In light of the inconsistency between the 1995 and 1998 orders, the court erred in finding that Owner is collaterally estopped by the 1995 order (*see Matter of Sherwood 34 Assoc. v New York State Div. of Hous. & Community Renewal*, 309 AD2d 529, 532 [1st Dept 2003]). Owner established that its predecessor did not have "a full and fair opportunity to litigate in the prior proceeding" (*Gersten v 56 7th Ave. LLC*, 88 AD3d 189, 201 [1st Dept 2011], *appeal withdrawn* 18 NY3d 954 [2012]; *see ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208, 226-227 [2011]), since the 1995 order granted the full relief sought by the predecessor (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]).

However, upon remand, DHCR must be "limited to the facts and evidence" previously submitted, except under the "narrow circumstances" in which a party submits " 'certain facts or evidence which [it] establishes could not reasonably have been offered or included' " in the prior administrative proceedings (*Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 150 [2002], quoting 9 NYCRR 2529.6).

We have considered Tenants' arguments on preservation, among other things, and find them unavailing. Concur— Gonzalez, P.J., Sweeny and Saxe, JJ.

Renwick and Feinman, JJ., dissent in a memorandum by Feinman, J., as follows: These two joined appeals address the critical question of when an administrative determination is "final," such that no further attack on its merits is permitted.

While I agree with the majority that these two joined matters must be remanded to the Division of Housing and Community Renewal (DHCR) for further fact-finding, I differ slightly as to the scope of the hearing upon remand. Specifically, the DHCR should not be permitted to reexamine the nature of the work characterized in the 1995 order as resurfacing, because that order was a final order. The attempts to call it into question are in violation of administrative procedure and contradict case law. This is apparent when examining the pertinent regulations contained in the Rent Stabilization Code.

The Relevant Administrative Regulations

The Rent Stabilization Code (RSC) (9 NYCRR) § 2521.1 *et seq.* provides that an owner may seek an upward adjustment of the legal regulated rent for making capital improvements (MCI) on its building (RSC § 2522.4). The burden of proof is clearly on the owner to establish its entitlement to an MCI rent increase (*see Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal,* 171 AD2d 572, 574 [1st Dept 1991], *lv denied* 78 NY2d 861 [1991]).

The DHCR must be satisfied that the legal regulated rent was not previously adjusted for the same work performed within the number of years determined to be the "useful life" of the particular capital improvement (DHCR Office of Rent Administration, Operational Bulletin 84-4 [1] [c]; *see* RSC § 2522.4 [a] [2] [i] [d] [Useful Life Schedule for Major Capital Improvements]). Work undertaken before the useful life of the original work has expired does not qualify for a rent increase unless the owner has been granted a waiver of the useful life requirement prior to commencing the work (RSC § 2522.4 [a] [2] [ii] [8]). If, however, the work is done on an emergency basis to correct a condition that is "dangerous to human life and safety or detrimental to health," an owner may seek a waiver at the same time it submits its application for an MCI rent increase (RSC § 2522.4 [a] [2] [i] [e] [1]).

A party aggrieved by an agency determination may file a petition for administrative review (PAR) within 35 days after the date the order was issued (RSC § 2529.2). A PAR determination is the final order of the Commissioner (DHCR Office of Rent Administration Policy Statement 91-5), and is ripe for judicial review pursuant to article 78 of the CPLR (*see* RSC § 2530.1).

A party may also make a request for reconsideration (RFR) of an order, as 12 Broadway Realty LLC (Owner) did here. As relevant, the RFR must "contain sufficient evidence to substantiate the irregularity in a vital matter which affected the determination" (DHCR Office of Rent Administration, Policy Statement 91-5; RSC § 2527.8; *see Matter of Ponds v New York State Div. of Hous. & Community Renewal*, 191 AD2d 153 [1st Dept 1993], *lv denied* 82 NY2d 657 [1993]). An order issued upon reconsideration revokes the prior order to the extent that it is modified. The effective date is the date of issuance of the new order. A party may thereafter petition for administrative or judicial review, depending on whether the new order is issued by a Rent Administrator (RA) or the Commissioner, even if the time for appealing from the old order had expired (DHCR Office of Rent Administration, Policy Statement 91-5).

The DHCR has the authority, under RSC § 2527.8, on application of either party or on its own initiative, to issue a superseding order modifying or revoking any order issued as a result of illegality, irregularity in vital matters or fraud (*see Matter of Sherwood 34 Assoc. v New York State Div. of Hous. & Community Renewal*, 309 AD2d 529, 531 [1st Dept 2003], citing *Matter of Alamac Estates v McGoldrick*, 2 NY2d 87 [1956]; *Matter of Yasser v McGoldrick*, 306 NY 924 [1954]). An order issued as a result of one of these grounds may be reversed "even long after the time to appeal has expired" (*Sherwood 34 Assoc.* at 531; *see also Luchetti v Office of Rent Control, Dept. of Rent & Hous. Maintenance, Hous. & Dev. Admin. of City of N.Y.*, 49 AD2d 532 [1st Dept 1975] [proceeding reopened and reversed two years after initial determination so as to correct and align the agency's ruling with the Rent, Eviction and Rehabilitation Regulations addressing what accommodations are subject to rent control]).

Prior History

In June 1995, DHCR granted the then-owner of the premises an MCI rent increase for work completed in about 1993, described in the DHCR order as "RESURF EXT WALLS ETC."[1] Under the RSC, "resurfacing of exterior walls" pertains to "brick or masonry facing on entire area of all exposed sides of the building" (RSC § 2522.4 [a] [3] [Schedule of Major Capital Improvements, No. 21]). Resurfacing work has a useful life of 25 years (RSC § 2522.4 [a] [2] [i] [d] [Useful Life Schedule for Major Capital Improvements, No. 24]).

In February 1998, DHCR issued a form order modifying the previous rent increase, in light of the then-owner's receipt of a

---

1. The order identified the then-owner as Artnor Realty Co.

tax abatement. The form order described the work for which the rent increase had been granted as "WATERPROOFING, POINTING, MASONRY." Under the RSC, "pointing" is performed on areas "as necessary on exposed sides of the building" (RSC § 2522.4 [a] [3] [Schedule of Major Capital Improvements, No. 19]). Pointing has a useful life of 15 years (RSC § 2522.4 [a] [2] [i] [d] [Useful Life Schedule for Major Capital Improvements, No. 4]). There is no indication that the then-owner challenged or sought to correct the seemingly different description of the work in the February 1998 order from that in the June 1995 order.

After the current Owner, 12 Broadway Realty LLC, acquired the building, it undertook various capital improvement projects beginning in late 2002. In November 2007, Owner applied for an MCI rent increase totaling more than $2,400,000, out of which $1,931,013.69 was claimed as expended on resurfacing the exterior brick walls of the apartment building. The section of its application pertaining to the resurfacing was disapproved on October 9, 2009 by the RA, who noted, among other things, that the 25-year useful life of the prior resurfacing work had not expired, and Owner "did not file a waiver [of the useful life requirement]" (RSC § 2522.4 [a] [2] [e] [1]).

Owner requested reconsideration by letter dated October 20, 2009, claiming "numerous irregularities" in the October 9, 2009 order. Owner repeated its argument made in response to Tenants' opposition to its application for an MCI rent increase that the 1995 MCI increase order incorrectly described the work for which that increase had been approved, and that there was "no evidence" that resurfacing of exterior walls had been undertaken before Owner began the project in about 2003. Owner again argued that the February 1998 modification order correctly described the actual work done in 1993 as pointing and waterproofing, a project of lesser scale and durability. Therefore, it argued that it was an irregularity in a vital matter for DHCR "to base denial of an MCI on a failure to exhaust the useful life of a completely different MCI." Owner did not address its failure to seek a waiver.

Tenants objected to reconsideration. In sum, they argued Owner had "fully and extensively briefed" its arguments before the RA, and was seeking a second bite of the apple. They noted the failure of Owner to address why it had not sought a waiver of the useful life requirement. They also argued that Owner had not substantiated any "irregularity in [a] vital matter[ ]," as required by RSC § 2527.8, and therefore the request for reconsideration must be denied.

The RA granted Owner's RFR by Notice dated November 19, 2009, "based upon fraud, illegality, or irregularity in a vital matter," without describing the nature of the fraud, the illegality, or the irregularity.

The RA's Order Pursuant to Reconsideration was issued in June 2011. The Order noted Owner's allegations of an irregularity in the agency's denial of the resurfacing although there was a lack of evidence that resurfacing work had actually been performed in the early 1990s, when compared to the work Owner itself had undertaken after 2002. The RA was unpersuaded by Owner's argument regarding the nature of the work for which an MCI increase was granted in 1995, and concluded that the "preponderance of evidence indicates that exterior resurfacing had been performed [as stated in the 1995 order] . . . and the useful life of that work had not expired when exterior resurfacing was done" by Owner. Nonetheless, the RA found that Owner's resurfacing qualified for an MCI rent increase because the statement by Owner's architect, submitted as part of Owner's 2007 request for an MCI rent increase, indicated that resurfacing was needed because the brickwork had been "in very poor condition," many bricks were "saturated," in many places "water filled the cavities" resulting in "significant displacement and cracking of large areas of brick," and there was a "possibility of a major failure of the [east] wall assembly." On that basis, the RA directed that the October 2009 Order should be modified, and an upward MCI adjustment should be made to account for Owner's resurfacing work. Other costs claimed by Owner, such as work on the roof, the architect's fee and a portion of the window installation, were excluded as non-MCI eligible.

In determining the amount of the rent increase, the RA reasoned that the total amount granted for resurfacing the exterior walls should be reduced by the amount granted for the "previous MCI . . . for which the useful life had not expired." In substance, the RA reasoned as if a waiver of the useful life requirement had been included as part of Owner's 2007 application for an MCI rent increase on grounds of an emergency.

There is no dispute that Owner timely filed a PAR of the RA's June 2011 order issued upon reconsideration, as did Tenants. Owner sought in relevant part to reverse the exclusion of certain costs as not MCI-related. Tenants sought reversal of the 2011 order and reinstatement of the October 2009 order, arguing that the November 2009 RFR should not have been granted because no irregularity in a vital matter had been established, nor had Owner sought a waiver of the useful life requirement.

The Deputy Commissioner partly granted Owner's PAR in its August 2013 order, and denied Tenants' PAR in its entirety. The Deputy Commissioner found that the RA's decision to reconsider the denial of a rent increase for the exterior resurfacing was "appropriate in light of evidence indicating an irregularity in a vital matter," although he, too, was silent as to the nature of the irregularity. The Deputy Commissioner held that the amount of the MCI rent increase per room should be further increased because the RA order upon reconsideration had incorrectly disallowed some of the claimed exterior resurfacing costs. He also noted that Tenants had not received "the benefit of the earlier work," which he described as "pointing and waterproofing," and concluded they "should not be made to pay a double rent increase for improvements to the exterior of the building which have essentially been undertaken to achieve the same purpose." The waiver requirement was, at best, addressed obliquely by the Deputy Commissioner's statement that the useful life of the previous work "is not an issue," because of the decision to deduct the cost of the earlier installation from the newly approved rent increase. This, interestingly, is the method by which DHCR calculates the amount of rent increase when a waiver of the useful life requirement has been approved (see RSC § 2522.4 [a] [2] [i] [e] [4] [iii]).

Both parties timely commenced CPLR article 78 proceedings, now joined. Owner seeks to modify the August 2013 PAR determination on the ground that it is arbitrary and capricious in finding certain claimed expenses not to be MCI-related (CPLR 7803 [3]). Tenants seek to annul the August 2013 PAR order on the ground that it was made in violation of lawful procedure, affected by errors of law, and arbitrary and capricious and an abuse of discretion (id.). They seek reinstatement of the October 2009 order. Separately, DHCR seeks to remit the matter to itself because "the petitions of the tenants and owners raise significant issues not adequately dealt with in the final determination of the Commissioner." Among the issues DHCR seeks to address are the different descriptions of the work performed in the early 1990s, reflected in the orders of 1995 and 1998, in the RA's 2009 opinion upon reconsideration, and in the Deputy Commissioner's 2013 opinion resolving the PAR, and, as well, Tenants' argument that there had been no basis to grant the RFR in 2009, because there was no explanation of the nature of the "irregularity in a vital matter." DHCR also noted that its file for the earlier MCI request no longer exists. Owner did not oppose the motion to remit, but sought certain conditions. Tenants opposed the motion to remit, but requested various conditions should the motion be granted.

Supreme Court granted DHCR's motion to remit, but limited the agency's review to substantiating the existence and nature of the "irregularity in a vital matter." It directed that if reconsideration was found appropriate, DHCR was to address only the import of the "irregularity." By order entered January 23, 2015, Supreme Court granted Owner's motion for leave to appeal to this Court. Tenants have also appealed. DHCR has not submitted a brief on either the appeal or cross appeal.[2]

Analysis

In my view, the Owner is collaterally estopped from arguing that the 1995 order mistakenly characterized the work as resurfacing when it was actually pointing, or some other lesser project.

When an administrative agency has decided a matter "based upon a proper factual showing and the application of its own regulations and precedent," the parties "are entitled to have the determination treated as final" (*Matter of Peckham v Calogero*, 54 AD3d 27, 28 [1st Dept 2008], *affd* 12 NY3d 424 [2009]). While DHCR may remit and reverse or modify prior orders (*id.* at 34 ["(t)here are many appropriate grounds for remand of a matter to the agency"]), it does not have unfettered power to reopen final matters. In *Gersten v 56 7th Ave. LLC* (88 AD3d 189, 204 [1st Dept 2011]), for example, we dismissed an action brought by cotenants seeking in part a declaration that the deregulation of their apartment 11 years earlier by the former building owner pursuant to a DHCR luxury decontrol order, was void ab initio, because of a recent change in the law concerning regulated apartments. We found that the cotenants had had a full and fair opportunity to litigate the issue of whether their apartment was subject to luxury decontrol before the DHCR, and held that the DHCR order issued 11 years earlier was a final order based on collateral estoppel (88 AD3d at 201-202, 207).

In *Gersten*, we made clear that unless a party can demonstrate the absence of a full and fair opportunity to litigate its issues before DHCR, the agency's determination on those issues will be entitled to collateral estoppel effect, and relitigation in court of the same issue determined by the agency will be precluded (*see Gersten* at 201-202, citing *9-10 Alden Place v Chen*, 279 AD2d 618 [2d Dept 2001]; *Grassini v Paravalos*, 270 AD2d 52 [1st Dept 2000]). Furthermore, in a rent-stabilized system, the current owner steps into the shoes of the prior

---

2. According to Supreme Court's decision and order filed on January 23, 2015, at the time of its decision DHCR had begun work on its order to remit.

owner and a change in ownership does not confer additional or new rights on the new owner, who is bound by the former owner's acts and decisions (*see e.g. Matter of Charles H. Greenthal Co. v State Div. of Hous. & Community Renewal*, 126 Misc 2d 795, 804 [Sup Ct, NY County 1984]). Thus, Owner has no basis to argue that it should be granted an opportunity to argue the merits of the 1995 order granting an MCI rent increase simply because it was not the owner of the building at the time.

Despite Owner's arguments to the contrary, there is no evidence that the 1995 order granting an MCI rent increase for exterior resurfacing was based on anything other than a proper factual showing, or that DHCR did not apply its own regulations and precedents to the facts when it granted the increase. The form modification in 1998 reducing the amount of the rent increase because of a tax abatement can in no way be understood as modifying anything other than the amount of the rent increase; the form's description of the work as pointing is dispositive of nothing other than a ministerial error. In any event, Owner had a full and fair opportunity at the time of its MCI rent increase application, to make its arguments before the RA concerning the 1995 and 1998 orders. Notably, the RA rejected those arguments in the initial October 2009 order, and again upon reconsideration in the June 2011 order, finding that the preponderance of the evidence showed that the work undertaken that resulted in the 1995 MCI order was resurfacing. To the extent that Owner argues that the 1995 and 1998 orders call into question the nature of the work granted an MCI rent increase in 1995, and tend to prove that the earlier work was not resurfacing, this argument is based solely on conjecture and surmise.

A final administrative determination will not be reopened to give a party an opportunity to make a new argument based on the existing administrative record (*see Gersten*, 88 AD3d at 204). In particular, Owner's continued attempts to reargue the denial of various costs as being non-MCI related, arguments that have generally proved successful as seen in the 2011 order on reconsideration and the 2013 PAR, are simply attempts to get a more favorable outcome and increase the amount of rent allowed to be charged (*see Matter of Pantelidis v New York City Bd. of Stds. & Appeals*, 43 AD3d 314, 315 [1st Dept 2007] [remand is not appropriate where a party is "merely seeking a second chance to reach a different determination on the merits" (internal quotation marks omitted)], *affd* 10 NY3d 846 [2008]).

An agency's interpretation and construction of its own

regulations and the legislation under which it functions are given special deference by the courts, if that construction is not irrational or unreasonable (*see Samiento v World Yacht Inc.*, 10 NY3d 70, 79 [2008]; *Matter of Chesterfield Assoc. v New York State Dept. of Labor*, 4 NY3d 597, 604 [2005]). Supreme Court granted DHCR leave to remit these matters for further fact-finding and decision making, on the basis that its prior orders have unresolved inconsistencies, and certain of the parties' arguments were not sufficiently examined.

As this Court stated in *Matter of Peckham v Calogero* (54 AD3d at 34), appropriate grounds for remanding a matter to DHCR include when an order was the result of irregularity in a vital matter, and when fact-finding or technical analysis by the agency is needed for a proper adjudication. "Irregularity in a vital matter" is defined by DHCR as the "[f]ailure by the agency to accurately calculate the rent or penalty, or to comply with established rules of practice and procedure." (DHCR Office of Rent Administration, Policy Statement 91-5). In *Sherwood 34 Assoc.*, the DHCR sought to remit because it had issued two directly conflicting orders, one year apart, concerning its jurisdiction over a particular building, and there needed to be further fact-finding and a final determination as to the building's status (*Sherwood*, 309 AD2d at 532). In *Matter of Hakim v Division of Hous. & Community Renewal* (273 AD2d 3 [1st Dept 2000], *appeal dismissed* 95 NY2d 887 [2000]), the motion to remit was granted because DHCR conceded that although the owner had argued reliance on a then-recently issued internal agency document concerning the issue claimed by the tenants as affording a rent reduction, the agency had not properly considered the document, thus failing to adhere to existing standards and precedent when making its decision (*see also Matter of Porter v New York State Div. of Hous. & Community Renewal*, 51 AD3d 417 [1st Dept 2008], *lv denied* 11 NY3d 703 [2008] [remand was proper where DHCR conceded that its review of several issues raised by the tenants was inadequate, and there was contradiction between the agency's finding that the owner had sufficient financial ability to complete the project and DHCR's own finding that the owner had greatly underestimated certain expenses]).

Here, DHCR articulates several issues that it believes it has failed to sufficiently address, and seeks to remit. However, the agency's previous orders in this matter have contained violations of lawful procedure, were affected by errors of law, and were an abuse of discretion. Without the Court's guidance, it is likely that further error will occur. In particular, the DHCR is

in error in its contention that it is proper to attack the 2009 order to the extent it relies on the 1995 order. The 1995 order and, by extension the 1998 form order, are final orders, never challenged. Reopening such an order, in particular given the number of years that has passed, requires Owner to provide very substantive evidence of an irregularity in a vital matter.

I disagree with the majority that the 1995 and 1998 orders are "so inconsistent and unclear" as to constitute an irregularity in a vital matter. Owner's "evidence" of such an irregularity is very thin, resting on its arguments that the work done in the early 1990s could not have been a resurfacing because of the amount claimed as expenditures by the previous owner, despite having been approved by the agency, and because of the condition of the building, and that the 1998 form order for some reason more accurately describes the nature of the work, even though the form order was issued solely to indicate a change in the amount of rent to be charged and there is no evidence whatsoever of new fact-finding. These arguments, notably, are the substitute for what would have been a meritorious argument, if true, which is that a waiver of the useful life requirement was granted, and the resurfacing work undertaken in the early 2000s was eligible for an MCI rent increase. They reflect Owner's wish to have a new hearing on the application that resulted in the 1995 MCI rent increase.

The orders of the RA and the Deputy Commissioner also violate the rules set forth in the RSC, and appear to be an abuse of their decision-making discretion. This is clear in at least two respects. First is that although the RA granted reconsideration of the 2009 order because the Owner had allegedly shown an illegality *or* an irregularity in a vital matter *or* fraud in its determination, there is no description of the content of any of these serious issues, thus calling into question the legality of granting reconsideration. The 2011 order upon reconsideration indicates what Owner alleged were irregularities in a vital matter, namely the "inconsistencies" between the 1995 and 1998 orders, but then finds that Owner's contention is unpersuasive.[3] The Deputy Commissioner's PAR determination voices approval of the RA's finding of an irregularity. The decisions are tainted with error.

---

3. As Supreme Court noted, there was an irregularity in that the RA did not consider the proof of the final payment for the roof and windows. It was addressed upon reconsideration, and the PAR determination added those costs to the calculations for the rent increase, along with other claims made by Owner that were denied by the 2009 and 2011 order. Addressing the irregularity of overlooked payments, however, should not have opened the door to wholesale reargument of all of Owner's claims.

Second is that the 2009 order denied the MCI request because the useful life of the previous resurfacing had not expired, and Owner had not sought a waiver in order to legally do its resurfacing. The 2011 order reiterated that the useful life had not expired and there was no waiver, but nonetheless found that Owner's request for an MCI increase should be granted because of the condition of the building's brickwork. In other words, the reasoning was made *as if* a waiver for emergency repairs had been submitted at the time of the application for an MCI rent increase. Additionally, the calculations of the amount of rent increase to be charged were those used when there was a waiver of the useful life requirement. The PAR determination confirmed this manner of calculation. This is all in clear violation of RSC § 2522.4 (a) (2) (i) (e) (4), and an abuse of the agency's discretion.

Nonetheless, the motion to remit to DHCR should be granted, and I would modify Supreme Court's directives as to the scope of review, only to the extent of omitting the statement that "the only possible irregularity" was the agency's failure to consider certain documentation submitted by Owner. To reiterate, the 1995 and 1998 orders are final, and collateral estoppel prohibits further reexamination, including the scope of the work performed as represented in those orders. I would note that should DHCR find that it was error to grant reconsideration of the 2009 order, and it is reinstated, Owner's time to file a PAR from that order has long passed (*see* RSC § 2529.2).