Matter of Hefti v New York State Div. of Hous. & Community Renewal (2022 NY Slip Op 02065)





Matter of Hefti v New York State Div. of Hous. & Community Renewal


2022 NY Slip Op 02065


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Gische, J.P., Mazzarelli, Friedman, González, Mendez, JJ. 


Index No. 162398/19 Appeal No. 15570&M-486 Case No. 2021-01049 

[*1]In the Matter of Susan Kathryn Hefti, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal et al., Respondents-Respondents.
In the Matter of 93rd Building Corp., Petitioner-Respondent,
v
New York State Division of Housing and Community Renewal et al., Respondents-Respondents.


Susan Kathryn Hefti, appellant pro se.
Mark F. Palomino, New York (Dawn Ivy Schindelman of counsel), for New York State Division of Housing and Community Renewal, respondent.
SDK Heiberger LLP, New York (Jacqueline Handel-Harbour of counsel), for 93rd Building Corp., respondent.



Judgement, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about September 22, 2020, granting respondent New York State Division of Housing and Community Renewal's (DHCR) cross motions to remand both petitioner Susan Kathryn Hefti's and petitioner 93rd Building Corp.'s petitions back to DHCR for further proceedings, denying both petitions as moot, and dismissing the proceedings brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly granted DHCR's cross motions, as DHCR identified an irregularity in a vital matter which required further proceedings (9 NYCRR 2527.8; see Matter of Zelig v State of New York Div. of Hous. & Community Renewal, 189 AD3d 657, 659 [1st Dept 2020]; Matter of 60 E. 12th St. Tenants' Assn. v New York State Div. of Hous. & Community Renewal, 134 AD3d 586, 588 [1st Dept 2015], affd 28 NY3d 962 [2016]).
We reject Hefti's contention that she may now litigate her overcharge claim in Supreme Court rather than before DHCR. While the court and DHCR have concurrent jurisdiction over rent overcharge claims, subject to the tenant's choice of forum (see Collazo v Netherland Prop. Assets LLC, 35 NY3d 987, 990 [2020]), Hefti chose DHCR. After choosing DHCR, Hefti then took no steps to have this matter litigated before the court rather than reviewed by the agency, and only sought review from the court
pursuant to CPLR article 78 once the agency had issued its determination.
We have considered Hefti's remaining arguments and find them unavailing.
Petitioner 93rd Building Corp. did not file a notice of appeal, and we have not considered its arguments concerning the rent regulation status of the unit.
M-486 — Matter of Susan Kathryn Hefti v New York State Division of Housing and Community Renewal et al.,
Motion for a stay denied as moot.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022