INK 954 LLC v Mann (2023 NY Slip Op 51437(U))

[*1]

INK 954 LLC v Mann

2023 NY Slip Op 51437(U)

Decided on December 27, 2023

Civil Court Of The City Of New York, Queens County

Schiff, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 27, 2023
Civil Court of the City of New York, Queens County

INK 954 LLC, Petitioner

against
Justin David Mann, et al., Respondents

Index No. L&T 306804/23 

Counsel for Petitioner:
Smyth Law P.C.
Counsel for Respondents:
Communities Resist

Logan J. Schiff, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of Petitioner's motion to dismiss Respondents' first and second affirmative defenses and first counterclaim (Mot. Seq. #1), and Respondents' cross-motion for a stay: NYSCEF 18-33.
Upon the foregoing cited papers, the court's decision and order is as follows:
RELEVANT BACKGROUND AND PROCEDURAL HISTORY
This lease expiration holdover was filed in April 2023 following service of a notice of termination pursuant to RPL 226-c and 232-a. The Petition alleges that the subject apartment, located within a presumptively rent-stabilized building, is exempt from rent-stabilization due to high rent vacancy decontrol (see RSL § 26-504.2, repealed June 14, 2019). Respondents Justin David Mann and Lucky Duckett (hereinafter "Respondents") have interposed an amended answer asserting a first affirmative defense based on retaliatory eviction under RPL 223-b, and a second affirmative defense and first counterclaim alleging that the apartment was unlawfully deregulated.
Petitioner now moves under CPLR 3211(b) to dismiss both affirmative defenses and the counterclaim as entirely devoid of merit. In addition, Petitioner argues that the counterclaim is duplicative of a pending rent overcharge complaint before the Division of Housing and Community Renewal ("DHCR"), which constitutes an improper attempt to litigate the same cause of action in two forums. In opposition, Respondents have cross-moved for a stay pending resolution of the DHCR proceeding.
[*2]DISCUSSION
1. Petitioner's Motion to Dismiss
The branch of Petitioner's motion seeking to dismiss Respondents' affirmative defenses is denied. On a motion to dismiss a defense under CPLR 3211(b) the moving party "bears the burden of demonstrating that the affirmative defenses are without merit as a matter of law because they either do not apply under the factual circumstances of [the] case, or fail to state a defense" (Lewis v. U.S. Bank, 186 AD3d 694, 697 [2d Dept 2020] [internal citations omitted]). As with a motion to dismiss a complaint, all factual assertions in the pleadings are accepted as true and "if there is any doubt as to the availability of a defense, it should not be dismissed" (id.; see also Butler v Catinella, 58 AD3d 145, 148 [2d Dept 2008]).
Here, Respondents' affirmative defenses sounding in retaliation based on requests for repairs and complaints to government agencies in the year prior to commencement of this proceeding, and unlawful deregulation based on fact-specific assertions that the legal rent did not reach the applicable high rent decontrol threshold, are sufficiently pled cognizable defenses to a lease expiration holdover (see Lee v Herron, 2023 NY Slip Op 51377 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]; 867-871 Knickerbocker, LLC v Poli, 117 NYS3d 799 [App Term, 2d, 11th & 13th Jud Dists, 2d Dept 2019]). Accordingly, the defenses are not susceptible to dismissal as entirely devoid of merit.
To the extent Petitioner's moving papers contest the ultimate merits of Respondents' defenses, these are issues of fact for trial or summary judgment. Moreover, given that Respondents have taken issue with Petitioner's deregulation claim in their answer, it will remain Petitioner's initial burden to prove the existence of a valid exemption from rent regulation even in the absence of an affirmative defense (see Leya, LLC v Kodicek, 154 NYS3d 577 [App Term, 1st Dept 2021]; 867-871 Knickerbocker, LLC v Poli, 108 NYS3d 266, 268 [App Term, 2d, 11th & 13th Jud Dists, 2d Dept 2019]; see also Matter of Kostic v New York State Div. of Hous. & Community Renewal, 188 AD3d 569, 569 [1st Dept 2020] [same burden of proof before DHCR]).
With respect to Petitioner's assertion that Respondents' first counterclaim constitutes an improper attempt to litigate affirmative claims relating to the apartment's rent regulatory status in parallel forums (see Matter of Hefti v Division of Hous. & Community Renewal, 203 AD3d 605 [1st Dept 2022]), the court finds that Respondents' "first counterclaim," which does not seek rent overcharge damages or any affirmative relief beyond dismissal of the Petition, is not a counterclaim at all but rather an affirmative defense improperly denominated as a combined defense/counterclaim (see Torre v Giorgio, 51 AD3d 1010 [2d Dept 2008]). Accordingly, the court exercises its discretion to sua sponte amend Respondents' amended answer to delete the words "first counterclaim" from the second affirmative defense and without prejudice to the pending overcharge claim before DHCR (see Thomas v 560-566 Hudson LLC, 219 AD3d 1193 [1st Dept 2023]).
2. Respondents' Cross-Motion
Respondents' request for a stay of this proceeding pending DHCR's determination of their rent overcharge complaint is denied. The appellate courts have repeatedly cautioned against staying a summary proceeding where a tenant's defenses are fully cognizable in housing court (see Hillside Park 168, LLC v Hossain, 61 Misc 3d 132 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018] [reversing imposition of stay in failure to renew holdover based on previously commenced overcharge action, noting that "[t]here is a strong rule against staying a summary [*3]proceeding pending the determination of an action in another court, as a landlord is entitled by statute to an expeditious determination of its claim that it is wrongfully being denied possession"] [internal quotation and citation omitted]; Scheff v 230 E. 73rd Owners Corp., 203 AD2d 151 [1st Dept 1994] ["Only where Civil Court is without authority to grant the relief sought should the prosecution of a summary proceeding be stayed"]; Villas of Forest Hills Company v Lumberger, 128 AD2d 701 [2d Dept 1987] ["While we observe that the hearings currently being conducted by [DHCR] involve some of the same factual issues as those pertaining to the landlord's compliance with the Rent Stabilization Law and Code, the protracted nature of those hearings renders it inappropriate to defer to the DHCR and await its decision "]; cf. 5201 Snyder Ave. Assocs. LP v Clarke, 32 Misc 3d 1203 [Cit Ct, NY Co 2011] [stay justified in former superintendent holdover pending resolution of wrongful termination proceeding]; 342 W 30th St. Corp. v Bradbury, 30 Misc 3d 132 [App Term, 1st Dept 2011] [stay of nonpayment proceeding was appropriate pending appeal to Appellate Division of prior supreme court order granting declaratory judgment finding apartment rent stabilized and awarding overcharge damages]).
In the present matter, a stay is not warranted because housing court unquestionably has jurisdiction in the context of a "no cause" lease expiration holdover proceeding to determine whether Respondents' apartment was lawfully removed from rent-stabilization (see, e.g., Diagonal Realty, LLC v Estella, 155 NYS3d 273 [App Term, 1st Dept 2021]; Queens Fresh Meadows v Beckford., 79 Misc 3d 1208 [Civ Ct, Queens Co 2023]). Further militating against a stay is the years-long delay that is typical of a DHCR administrative proceeding — indeed Respondents' overcharge claim filed in August 2022 appears to be in the earliest of stages based on the court's review of the docket number on DHCR's website.
Lastly, Respondents' papers make no showing of a substantial likelihood of success on the merits in the DHCR proceeding, another factor the court may consider in awarding a stay, and the landlord has answered the overcharge complaint with alleged receipts for a gut renovation that would potentially allow for the decontrol of the unit (see NYSCEF 26) (cf. Reynolds v Division of Hous. & Community Renewal, 199 AD2d 15, [1st Dept 1999] [injunction staying nonpayment proceeding pending DHCR determination was warranted in the interest of justice "in view of the documentary evidence showing a likelihood of plaintiff's success on the merits of her claim of rent overcharge based on an illusory tenancy and defendant's failure to give her notice of first fair market rent"]).[FN1]

CONCLUSION
For the foregoing reasons, Petitioner's motion and Respondents' cross-motion are denied, [*4]and the matter is restored to the court's calendar on February 7, 2024, at 10:30 a.m. for settlement or transfer to the trial part. This constitutes the decision and order of the court.
Dated: December 27, 2023
Queens, New York
Hon. Logan J. Schiff, J.H.C.

Footnotes

Footnote 1:In denying the request for a stay, this court is cognizant that there is a risk Respondents may be forced to litigate issues related to regulatory status in housing court before DHCR renders its decision, with the potential for collateral estoppel imperiling Respondents' statutory right to choose their forum (see Collazo v Netherland Prop. Assets LLC, 35 NY3d 987 [2020]). Respondents are not without recourse. As DHCR has a statutory duty to adjudicate overcharge and regulatory status disputes, it is susceptible to the Article 78 remedy of mandamus to compel a timely determination (see Matter of Highland Hall Apts., LLC v New York State Div. of Hous. & Community Renewal, 66 AD3d 678 [2d Dept 2009]).