Matter of Tsevilsky v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 00282)

Matter of Tsevilsky v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 00282

Decided on January 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2025

Before: Webber, J.P., Gesmer, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 100991/23 Appeal No. 3515 Case No. 2024-04005 

[*1]In the Matter of Eugene Tsevilsky, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal et al., Respondents-Respondents.

Eugene Tsevilksy, appellant pro se.
Mark F. Palomino, New York (Russell Cirincione of counsel), for New York State Division of Housing and Community Renewal, respondent.
Kucker Marino Winiarsky & Bittens, LLP, New York, (Vladimir Favilukis of counsel), for 44th Street Developmental LLC, Gotham Real Estate Managers LLC, Gotham Organization Inc., and David L. Picket, respondents.

Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered January 4, 2024, to the extent appealed from as limited by the briefs, granting the cross-motion of respondents 44th Street Development LLC (Owner), Gotham Real Estate Managers LLC, Gotham Organization Inc., and David L. Picket, in his official capacity as Chief Executive Officer of Gotham Organization Inc., to dismiss the petition seeking, among other things, to annul the order of respondent New York State Division of Housing and Community Renewal (DHCR), dated August 8, 2023, which granted the petition for administrative review filed by Owner and Gotham Real Estate Managers and revoked the order of the DHCR Rent Administrator, dated May 31, 2023, which granted petitioner's DHCR complaint and directed Owner to offer petitioner a renewal lease on the same terms and conditions as the original lease, and dismissing the proceeding brought pursuant to CPLR Article 78, unanimously affirmed, without costs.
Contrary to petitioner's contention, this Court's rulingin Matter of Tarkington v New York State Div. of Hous. & Community Renewal (215 AD3d 465 [1st Dept 2023]), iscontrolling. There, we specificallyheld that it was not arbitrary and capricious for DHCR to determine that it did not have jurisdiction to consider whether the owner of that building failed to offer a renewal lease on the same terms and conditions as tenant petitioner's original lease, because the legal rent for the apartment was determined pursuant to a regulatory agreement with a government agency other than DHCR. Notably,petitioner in Tarkington was a tenant in the same building as petitioner in this case.
Under the circumstances presented, the regulatory agreements, rather than the Rent Stabilization Law and Code, are the sources of rent regulation (see Matter of Ahmed v New York State Div. of Hous. & Community Renewal, Off. of Rent Control, 15 AD3d 216 [1st Dept 2005]). Here, DHCR acted consistently with its underlying determination and our decision in Tarkington (cf. Matter of Lantry v State of New York, 6 NY3d 49, 58 [2005]). Thus, DHCR's determination was not arbitrary and capricious, a violation of law, or a failure to perform a duty enjoined upon DHCR by law.
Petitioner's arguments that the court failed to address his causes of action sounding in discrimination are unpreserved. Those contnetions were not raised at the administrative level (see Matter of Atkinson v Division of Hous. & Community Renewal, 280 AD2d 326, 327 [1st Dept 2001]), and this Court has "no discretionary authority" to "reach [] an unpreserved issue in the interest of justice" in this article 78 proceeding challenging an administrative determination (Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001] [internal quotation marks omitted]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2025