Matter of Khan v New York State Div. of Hous. & Community Renewal (2020 NY Slip Op 04477)





Matter of Khan v New York State Div. of Hous. & Community Renewal


2020 NY Slip Op 04477


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-03916
 (Index No. 6056/18)

[*1]In the Matter of Assaduzzaman Khan, etc., petitioner-respondent, 
v
New York State Division of Housing and Community Renewal, respondent-respondent; Hillside Park 168, LLC, intervenor-appellant.


Horing Welikson Rosen & Digrugilliers P.C., Williston Park, NY (Jillian N. Bittner of counsel), for intervenor-appellant.
Queens Legal Services, Jamaica, NY (Priam S. Saywack of counsel), for petitioner-respondent.
Mark F. Palomino, New York, NY (Anita Shia of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated June 7, 2018, which affirmed a Rent Administrator's determination dated August 1, 2017, finding that Hillside Park 168, LLC, did not overcharge Assaduzzaman Khan for rent, Hillside Park 168, LLC, appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered March 8, 2019. The order and judgment granted the cross motion of the New York State Division of Housing and Community Renewal to remit the matter for a new determination and, in effect, denied the petition and dismissed the proceeding as academic.
ORDERED that the order and judgment is affirmed, with costs.
In October 2013, the petitioner entered into a two-year lease for an apartment in Queens, calling for a monthly rent of $1,175. In March 2014, the building was sold to the appellant. In June 2015, the appellant offered the petitioner a renewal lease with a legal regulated monthly rent of $1,356.30 and a preferential monthly rent of $1,336.50 for a two-year lease period.
Rather than signing the proposed renewal lease, the petitioner filed a complaint with the New York State Division of Housing and Community Renewal (hereinafter DHCR), alleging that the proposed rent increase was in violation of applicable laws. Thereafter, the appellant commenced a holdover proceeding in the housing court. Of central importance in both the holdover proceeding and the complaint before the DHCR was whether an undated lease rider signed by the petitioner and setting out a legal regulated monthly rent of $1,320 and a preferential monthly rent of $1,175 had been executed contemporaneously with the 2013 lease or some six months later, after the appellant had purchased the building.
After the petitioner's complaint was denied by the DHCR's Rent Administrator, the petitioner filed a petition for administrative review (hereinafter PAR). While the PAR was pending, the housing court, in December 2017, after a trial, found that the lease rider was signed several months after the 2013 lease. In June 2018, the DHCR denied the PAR and affirmed the Rent Administrator's determination.
The petitioner then commenced this proceeding pursuant to CPLR article 78 to annul the DHCR's determination, and the appellant intervened as a respondent. The DHCR, conceding that the denial of the PAR was made without proper consideration of the housing court's factual findings, cross-moved for an order remitting the matter to itself for further consideration and, thereafter, a new determination, without prejudice to the rights of any party aggrieved thereby to challenge the new determination in a timely CPLR article 78 proceeding.
By order and judgment (one paper) entered March 8, 2019, the Supreme Court granted the DHCR's cross motion, remitted the matter to the DHCR for further review and, thereafter, a new determination, and, in effect, denied the petition and dismissed the proceeding as academic. We affirm insofar as appealed from.
In a CPLR article 78 proceeding where, as here, an administrative agency's determination is challenged pursuant to CPLR § 7803(3), the court's review function is limited to determining whether the agency's determination "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR § 7803[3]). Nevertheless, the court has the authority to remit a matter to the agency for further proceedings, including reconsideration of the matter, without reaching the merits of the petition (see Matter of 50 Plaza Co. v New York City Conciliation & Appeals Bd., 104 AD2d 886, 889; Matter of Clearview Gardens First Corp. v Foley, 11 AD2d 1047, 1048). Remittal may be appropriate where, as here, the agency concedes that its review of the issues raised by the parties was inadequate (see Matter of Porter v State Div. of Hous. & Community Renewal, 51 AD3d 417, 418). Accordingly, we agree with the Supreme Court's determination granting the DHCR's cross motion to remit the matter for a new determination.
In light of our determination, we do not reach the parties' remaining contentions.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court