Hillside Park 168, LLC v Khan (2021 NY Slip Op 50635(U))

[*1]

Hillside Park 168, LLC v Khan

2021 NY Slip Op 50635(U) [72 Misc 3d 130(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-2399 Q C

Hillside Park 168, LLC, Appellant,
against
MD Asaduzzaman Khan, Respondent, et al., Undertenants.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C. (Paul N. Gruber and Andrew Bart of
counsel), for appellant.
Queens Legal Services (Priam S. Saywack of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Queens County
(Kimon C. Thermos, J.), entered February 27, 2018. The final judgment, upon a decision of that
court dated December 29, 2017 (op 59 Misc 3d 736 [2017]), after a nonjury trial, dismissed the
petition in a holdover summary proceeding.

ORDERED that, on the court's own motion, the notice of appeal from the decision dated
December 29, 2017 is deemed a premature notice of appeal from the final judgment entered
February 27, 2018 (see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment is affirmed, without costs.
In this holdover proceeding based upon tenant's failure to execute and return a renewal lease,
tenant's answer included an affirmative defense that, several months after the vacancy lease had
been signed, landlord had induced tenant to sign a lease rider that established a higher legal
regulated rent than that reserved in the vacancy lease, and therefore the renewal lease offered to
tenant, which relied on the lease rider for the prior legal regulated rent, constituted an illegal
overcharge. Prior to the commencement of this proceeding, tenant had asserted an overcharge
claim before the New York State Division of Housing and Community Renewal (DHCR), which
was denied by the rent administrator (RA) by order dated August 1, 2017. Tenant timely filed a
petition for administrative review (PAR). Tenant's PAR was denied by order dated June 7, 2018,
and he commenced a CPLR article 78 proceeding to set aside that order. DHCR cross-moved to
remit the matter to DHCR for further proceedings, conceding that the "RA failed to address the
[*2]issue of whether the rider was executed contemporaneously
with the vacancy lease [and] the Deputy Commissioner erred in not remitting the proceeding
back to the RA for further fact finding." By order dated March 8, 2019, the Supreme Court
granted DHCR's cross motion. The Appellate Division affirmed, noting that "the agency
concedes that its review of the issues raised by the parties was inadequate" (Matter of Khan v New York State Div. of
Hous. and Community Renewal, 186 AD3d 602 [2020]).
A nonjury trial of this proceeding commenced on September 27, 2017, while the PAR was
pending. In a decision dated December 29, 2017, the Civil Court rejected landlord's contention
that the DHCR order precluded adjudication of the propriety of the lease renewal in this
proceeding, found that the lease rider was not incorporated into the vacancy lease and therefore
landlord could not rely on it for the legal regulated rent, and directed that the petition be
dismissed. A final judgment dismissing the petition was entered on February 27, 2018.
We need not address landlord's argument that the Civil Court improperly refused to give
preclusive effect to the DHCR order, as the argument was rendered academic by DHCR's
concession that it did not properly address tenant's overcharge claim and the Appellate Division's
affirmance of the Supreme Court order remitting the matter to DHCR for further proceedings.
Rather, we review the Civil Court's merits-based determination of this proceeding.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as
that of the trial court, and this court may render the judgment it finds warranted by the facts,
bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
(see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492,
499 [1983]; Hamilton v Blackwood,
85 AD3d 1116, 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). Pursuant to Rent
Stabilization Code (9 NYCRR) § 2521.2, in order for a landlord to charge the legal
regulated rent after setting a preferential rent, the legal regulated rent must have been set forth in
the vacancy lease. Here, the Civil Court's finding that the rider was not signed
contemporaneously with the vacancy lease is supported by the record and landlord has
demonstrated no basis to disturb it.
Accordingly, the final judgment is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021