West Pierre Assoc. LLC v Harvey (2024 NY Slip Op 50052(U))

[*1]

West Pierre Assoc. LLC v Harvey

2024 NY Slip Op 50052(U)

Decided on January 23, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

571132/23

West Pierre Associates LLC, Petitioner-Landlord-Respondent, 
against
Julia Harvey, Respondent-Tenant-Appellant.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Vanessa Fang, J.), dated August 7, 2023, which denied her motion for discovery and granted landlord's cross motion for partial summary judgment dismissing her affirmative defense and counterclaim for rent overcharge in a nonpayment summary proceeding.

Per Curiam.
Order (Vanessa Fang, J.), dated August 7, 2023, affirmed, with $10 costs.
Civil Court properly dismissed tenant's rent overcharge defense and counterclaim. In Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 363 (2020), the Court of Appeals determined that the Housing Stability and Tenant Protection Act of 2019 (HSTPA), which requires that the entire rent history be examined, cannot be retroactively applied to overcharges alleged to have occurred before the HSTPA's enactment in 2019. Here, tenant's overcharge claim and defense, interposed in 2022, are based solely upon a substantial increase in rent that occurred in 2014, years prior to the commencement of tenant's first lease in 2020. Therefore, pre-HSTPA law governs the parties' overcharge dispute.
Applying pre-HSTPA law, the four-year statute of limitations for overcharge claims and the four-year lookback rule preclude examination of an apartment's rental history more than four years before the interposition of an overcharge claim, unless tenant has made a colorable claim of fraud (see Regina at 355). No such fraud claim was presented herein (see Woodson v Convent 1 LLC, 216 AD3d 585, 587 [2023]), and therefore, review of the rent history outside the four-year lookback period is precluded in this case (see 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 183 AD3d 509 [2020]). As a result, the increase in rent in 2014, based in large part upon individual apartment improvements (IAIs) allegedly performed after the departure of the prior long term tenant in 2013, challenges to which were time-barred under pre-HSTPA law, may not now be considered (see Regina at 359-360 ["Prior to the HSTPA, nothing in the rent stabilization scheme suggested that where an unrecoverable overcharge occurred before the base [*2]date, thus resulting in a higher base date rent, the four-year lookback rule operated differently. To the contrary, the limitations provisions — in order to promote repose — precluded consideration of overcharges prior to the recovery period"]; see also Crest I LP v Ventura, — Misc 3d &mdash, 2023 NY Slip Op 23355 [App Term, 1st Dept 2023]). Accordingly, the claim and defense were properly dismissed.
We have considered tenant's remaining arguments, to the extent properly before us on appeal, and find them unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 23, 2024