Clermont York 82nd St. LLC. v Zgodny

2026 NY Slip Op 50593(U)

April 28, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Rent Regulation--Proper Renewal Lease

Clermont York 82nd St. LLC., Petitioner-Landlord-Appellant,

v

EJ Zgodny, Respondent-Tenant-Respondent.

Supreme Court, Appellate Term, First Department

Decided on April 28, 2026

570225/26

Present: Brigantti, J.P., Tisch, Alpert, JJ.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Clinton J. Guthrie, J.) dated December 31, 2025, which granted tenant's cross- motion to dismiss the petition and denied, as moot, landlord's motions for summary judgment and for use and occupancy pendente lite in a holdover summary proceeding.

[*1]

Per Curiam.

Order (Clinton J. Guthrie, J.), dated December 31, 2025, affirmed, with $10 costs.

Tenant entered into an unregulated lease agreement for the subject apartment in 2004, which set forth a monthly rent of $3,500. At the time, the apartment was considered to be deregulated pursuant to then-prevailing DHCR regulations and guidance, notwithstanding landlord's receipt of J-51 tax benefits. However, following the decisions in Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009] and Gersten v 56 7th Ave. LLC (88 AD3d 189 [2011], app withdrawn 18 NY3d 954 (2012), landlord registered the apartment as rent stabilized.

Tenant was never provided with an initial stabilized lease. In May 2024, some 15 years after Roberts, landlord tendered rent-stabilized renewal lease offers to tenant. The renewals contained different commencement dates, but both set forth a monthly rent of $4,261.27 for a one-year renewal, and $4,344.18 for a two-year renewal. Both renewals also reference a prior legal rent of $4,177.72. Upon tenant's failure to sign either renewal, this holdover proceeding ensued.

Upon the parties' respective motions for summary judgment, Civil Court dismissed the petition, concluding that tenant was justified in failing to sign either renewal offer because, among other reasons, the renewals did not correspond to any stabilized lease signed by tenant and did not describe how the rent was calculated.

Following the decision in Roberts, a landlord who improperly deregulated an apartment while receiving J-51 benefits was "required to re-register the apartment[] with DHCR, [and] provide the ... tenant[] with [a] rent-stabilized lease[]" (Montera v KMR Amsterdam LLC, 193 AD3d 102, 108 [2021]; Gomes v Vermyck, LLC, 238 AD3d 26, 33 [2025] [same]). The renewal lease forms tendered by landlord (see DHCR J-51 Registration and Rent Revision Initiative; J-51 Rent Registration Initiative - FAQs), do not meet the "rigorous requirements of a rent-stabilized lease" (Matter of AEJ 534 E. 88th, LLC v New York State Div. of Hous. & Community Renewal, [*2]194 AD3d 464, 471 [2021]) because they failed to contain, among other things, the mandatory stabilization rider and registration statement (see Rent Stabilization Code [9 NYCRR] § 2522.5[c]; see also Woodson v Convent 1 LLC, 216 AD3d 585, 587 [2023]). Thus, tenant properly refused to sign either lease renewal offer.

We further note that, contrary to landlord's contention, the rent set forth in the lease shall be calculated pursuant to amendments to the Code under the Housing Stability and Tenant Protection Act of 2019 ([HSTPA] L 2019, ch 36) (see Matter of West Pierre Assoc. LLC v Harvey, 241 AD3d 413 [2025]).

All concur.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court

Decision Date: April 28, 2026