**Mlotok v 63 Co. LLC**

2024 NY Slip Op 31190(U)

April 8, 2024

Supreme Court, New York County

Docket Number: Index No. 161037/2020

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK

# NEW YORK COUNTY

PRESENT:   **HON. LISA S. HEADLEY**                           PART                     28M

                                                                *Justice*

-------------------------------------------------------------------X

BIANCA MLOTOK,

                                         Plaintiff,

                          - v -

63 COMPANY LLC, DIGBY MANAGEMENT COMPANY
LLC

                                         Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161037/2020 |
| MOTION DATE | 12/12/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66

were read on this motion to/for                    PARTIAL SUMMARY JUDGMENT

Defendants, 63 Company, LLC ("63 Company") and Digby Management, LLC ("Digby") (hereinafter collectively referred to as "Defendants"), filed this instant motion for partial summary judgment, pursuant to *CPLR § 3212(a)* and *(b)*, to dismiss Plaintiff's First and Second Causes of Action; for leave to amend 63 Company's counterclaim contained in the answer, pursuant to *CPLR §3025(c)*, so as to amend the amount sought in the counterclaim to reflect the total of $9,040.00 in fixed monthly rent that has accrued through the expiration of the lease date; for summary judgment, pursuant to *CPLR §3212*,  in favor of 63 Company and awarding 63 Company a final judgment against Plaintiff in the sum of $9,040.00. Plaintiff, Bianca Mlotok ("Plaintiff") filed opposition and Defendants filed a reply.

## Facts

On December 18, 2020, plaintiff commenced this action by the filing of a complaint for a declaratory judgment (the first cause of action) that the plaintiff's residential apartment, number 5E, located at 200 East 63rd Street, New York, New York ("the apartment") is subject to rent

stabilization; and for willful rent overcharge within a fraudulent scheme to deregulate a rent stabilized premises in excess of that which is allowed under the Rent Stabilization Law and Rent Stabilization Law Code (the second cause of action). The plaintiff asserts additional causes of actions for private nuisance, negligence, breach of lease and attorneys' fees for personal property damage that occurred in July 2020 as a result of a partial ceiling collapse in the apartment.

## Defendants' Affirmation in Support

In support of the motion for summary judgment, and to amend its counterclaim, defendants submit, *inter alia*, the affidavit of Debra G. Fechter ("Ms. Fechter") (NYSCEF Doc. No. 47); the attorney affirmation of Israel Katz (NYSCEF Doc. No. 48); the memorandum of law (NYSCEF Doc. No. 62); the lease agreement for the apartment, dated November 11, 2014, with the subsequent lease renewals through May 31, 2020 (NYSCEF Doc. No. 49); the J-51 Exemption and abatement for the apartment building (NYSCEF Doc. No. 50); the certified rent registration for the apartment (NYSCEF Doc. No. 51); and prior tenant leases (NYSCEF Doc. No. 52).

In her affidavit, Ms. Fechter, attests that she is the owner and landlord of the building located at 200 East 63rd Street, New York, New York 10065 ("Building"), and is also a member of Digby Management Company, LLC, the managing agent for the Landlord. Ms. Fechter manages the collection of rents, maintains rent records, and registers rent stabilized apartments with the New York State Division of Housing and Community Renewal ("DHCR"). Ms. Fechter attests that Plaintiff currently resides in Apartment 5E of the Building and entered into possession by a written lease agreement dated November 11, 2014 ("Original Lease"), for a term commencing December 1, 2014, and ending May 31, 2016, at a monthly rent of $2,300.00 per month.

The plaintiff subsequently entered into three separate lease renewals: (1) an Extension of Lease Agreement dated as of April 28, 2016, for a term commencing June 1, 2016 and expiring May 31, 2016 at a monthly rent of $2,360.00; (2) an Extension of Lease Agreement dated as of April 3, 2018 for a term commencing June 1, 2018 and expiring May 31, 2020 at a monthly rent of $2,400.00 per month; and (3) an Extension of Lease Agreement dated as of February 6, 2020 for a term commencing June 1, 2020 and expiring on May 31, 2022 at a monthly rent of $2,475.00 (hereinafter, collectively referred to as the "Lease").

Lastly, Ms. Fechter attests that the Building received J-51 tax abatement benefits from July 1, 1971, through June 30, 2009, and thereafter the Building no longer received any J-51 tax abatements or benefits. (NYSCEF Doc. No. 50). Ms. Fechter asserts that the DHCR records

demonstrate that the Apartment was deregulated and registered as "Exempt High Rent Vacancy" in January 2001. (See, NYSCEF Doc. No. 51). The So-Ordered Stipulation of Settlement, and the Free-Market Lease and Deregulation Rider executed in December 2000 between the landlord and the former tenants who occupied Apartment 5E, indicate that the apartment "is not entitled to Rent Regulated status[.]" (See, NYSCEF Doc. No. 53 and 54).

Specifically, defendants argue the Apartment reached the high vacancy deregulation threshold because the Apartment underwent "individual apartment improvements" (IAI) with one check in the amount of $3,500.00 dated November 17, 2000, and a second check in the amount of $4,350.00 dated December 4, 2000, totaling $7,850.00. Defendants assert the IAI's performed surpassed the then $2,000.00 threshold to qualify for high rent vacancy deregulation. Defendants contend that on March 10, 2010, a new tenant, Jamie Sadowsky, entered into possession of the Apartment at a legal regulated rent of $2,495.00, after the expiration of the J-51 tax benefit on July 30, 2009.

As to the rent overcharge claims, the plaintiff alleges that the defendant-landlord improperly deregulated the Apartment in January 2001 by performing non-qualifying improvements in order to meet the high rent vacancy threshold. The defendants argue plaintiff's overcharge claim is time-barred by the four-year statute of limitations pursuant to the pre-Housing Stability Tenant and Protection Act of 2019 ("HSTPA"). Defendants claim the DHCR base date was December 18, 2006, and pursuant to HSTPA, a lookback beyond four years from when the action was commenced is not permitted. Here, this action was commenced on December 18, 2020, 14 years thereafter; thus, Plaintiff is time barred from commencing this present action.

In addition, defendants argue that the plaintiff's overcharge claims against co-defendant Digby must be dismissed because defendant Digby acted as an agent for a disclosed principal, Sunnyside 42 LLC, therefore, Defendant Digby should not be charged as an agent for their principal's liability.

Defendant 63 Company argues that it should be granted leave to amend its counterclaim, and should be awarded summary judgment against Plaintiff in the amount of $9,040.00, for monthly rent owed through May 31, 2022, pursuant to the lease agreement. *(See, Exhibit J, NYSCEF Doc. No. 58).*

## Plaintiff's Affirmation in Opposition

In opposition, plaintiff argues that there are issues of fact, therefore, the motion for summary judgment should be denied. Plaintiff also argues that defendants have failed to demonstrate whether the Apartment was properly de-regulated. Plaintiff contends there is an issue of fact regarding the leases, the effect of the J-51, the mistakes in the DHCR history and the overall plan of de-regulation. Plaintiff also argues there are issues regarding DHCR's rent history regarding the periods where the premises was registered as rent-stabilized.

Plaintiff argues defendants have failed to submit, in addition to the lease agreement, the "J-51 rider" which would advise a tenant of their regulatory rights under J-51, and that upon expiration of that tax abatement, the rent would increase. Specifically, plaintiff asserts defendants have failed to present a lease attached with a J-51 rider from the period 1996 through 2010. Therefore, the real rent for this apartment should be $1,478.75. Therefore, plaintiff requests that this Court deny the instant motion and stay Defendants' request for an order for use and occupancy.

## Defendants' Reply

In reply, defendants assert, *inter alia*, that Plaintiff's opposition lacks an affidavit or supporting documents to support Plaintiff's claim that the Landlord and the Landlord's predecessor failed to attach J-51 lease riders to the prior tenant leases. Defendants argue the Apartment surpassed the high rent vacancy threshold of $2,000.00 resulting in the automatic deregulation of the Apartment as of September 1, 2010, when a new tenant, Jamie Sadowsky, entered into possession of the Apartment at a legally regulated rent of $2,495.00, which occurred after expiration of the J-51 tax benefit on July 30, 2009.

Moreover, Defendants highlight Ms. Fetcher's affidavit, which states the deregulation of the Apartment that occurred in 2001 was based upon DHCR guidance which allowed deregulation of the Apartment notwithstanding Landlord's receipt of J-51 tax benefits. Lastly, defendants assert since Plaintiff's complaint fails to allege the necessary elements for fraud, Plaintiff is not entitled to lookback beyond four years from the date of their complaint. Therefore, Defendants respectfully request that their instant motion be granted.

## Discussion

"[T]he proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the

[* 4]

absence of any material issues of fact. Failure to make such *prima facie* showing requires denial of the motion, regardless of the sufficiency of the opposing papers." *Alvarez v. Prospect Hosp.,* 68 N.Y.2d 320, 324 (1986).

Under *CPLR §3025*, a party may amend a pleading "at any time by leave of court" (*CPLR 3025 [b]*), "before or after judgment to conform [the pleading] to the evidence" (*CPLR 3025 [c]*). A request to amend is determined in accordance with the general considerations applicable to such motion, including the statute's direction that leave "shall be freely given upon such terms as may be just" (*CPLR 3025 [b]; See, Kimso Apartments, LLC v. Gandhi*, 24 N.Y.3d 403 (1st Dep't 2014).

This Court grants defendants' motion to amend the amount sought in the counterclaim because there is no surprise or prejudice to the Plaintiff. More accurately, this Court finds that Plaintiff voluntarily entered into a lease agreement with defendants' which required Plaintiff to pay a fixed monthly rent that has accrued through the expiration of the lease date. *(See, Exhibit A, NYSCEF Doc. No. 49).* Plaintiff is not prejudiced because Plaintiff entered into a contract detailing the monthly rental amount, and Plaintiff cannot claim surprise because the lease agreement which Plaintiff signed states that a tenant "must pay an equal amount for what the law calls 'use and occupancy' until You actually move out." *(See, Exhibit A, NYSCEF Doc. No. 49).*

Further, this Court finds that the defendants have demonstrated, based upon the submitted evidence, that the subject Apartment was lawfully deregulated by the Division of Housing and Community Renewal ("DHCR"). Pursuant to Rent Stabilization Law *RSL §26-504(c):*

> "Dwelling units in a building or structure receiving the benefits of section 11-243 or section 11-244 of the code or article eighteen of the private housing finance law, not owned as a cooperative or as a condominium, except as provided in section three hundred fifty-two-eeee of the general business law and not subject to chapter three of this title. Upon the expiration or termination for any reason of the benefits of section 11-243 or section 11-244 of the code or article eighteen of the private housing finance law any such dwelling unit shall be subject to this chapter until the occurrence of the first vacancy of such unit after such benefits are no longer being received or if each lease and renewal thereof for such unit for the tenant in residence at the time of the expiration of the tax benefit period has included a notice in at least twelve point type informing such tenant that the unit shall become subject to deregulation upon the expiration of such tax benefit period and states the approximate date on which such tax benefit period is scheduled to expire, such dwelling unit shall be deregulated as of the end of the tax benefit

period; provided, however, that if such dwelling unit would have been subject to this chapter or the emergency tenant protection act of nineteen seventy-four in the absence of this subdivision, such dwelling unit shall, upon the expiration of such benefits, continue to be subject to this chapter or the emergency tenant protection act of nineteen seventy-four to the same extent and in the same manner as if this subdivision had never applied thereto."

Pursuant to Rent Stabilization Code *RSC §2520.11(o)(1)*:

"(o) housing accommodations in buildings completed or substantially rehabilitated as family units on or after January 1, 1974, or located in a building containing less than six housing accommodations, and which were originally made subject to regulation solely as a condition of receiving tax benefits pursuant to section 11-243 (formerly J51-2.5) or section 11-244 (formerly J51-5.0) of the Administrative Code of the City of New York, as amended, or article XVIII of the PHFL; and thereafter receipt of such tax benefits has concluded pursuant to these sections or article XVIII, and:(1) for housing accommodations which were subject to the RSL pursuant to section 11-243 (formerly J51-2.5) or section 11-244 (formerly J51-5.0) or PHFL article XVIII became vacant."

Here, the defendants have demonstrated that in late 2000 the Apartment was subject to rent stabilization when the Apartment was subject to J-51 tax benefits. Defendants have demonstrated that the J-51 benefits expired on July 30, 2009, and therefore the Apartment was subject to deregulation after a vacancy and the expiration of J-51 benefits. (*See, RSL §26-504(c) and RSC §2520.11(o)(1)*).

Additionally, the DHCR's Registration Apartment Information dated September 13, 2023, demonstrates the Apartment has not been registered as rent stabilized since 2001. (*See, Exhibit C, NYSCEF Doc. No. 51*). Here, based on the certified rent registration the Apartment was subject to high rent vacancy deregulation because the regulated rent for the Apartment exceeded the then $2,000.00 due to the Apartment receiving Individual Apartment Improvements (IAI) totaling $7,850.00. (*See, NYSCEF Doc. No. 55*). The apartment was deregulated in 2001 prior to when the plaintiff took possession in December 2014.

This Court further finds that DHCR's ruling was sound and will not be disturbed. "Once an administrative agency has decided a matter, based upon a proper factual showing and the application of its own regulations and precedent, the parties to that matter are entitled to have the determination treated as final." *See, Matter of Peckham v. Calogero,* 54 A.D.3d 27 (1st Dep't 2008), aff'd. 12 N.Y.3d 424, (2009). "Although … a remand may be appropriate where the agency

[* 6]

has made the type of substantial error that constitutes an "irregularity in vital matters"". *Matter of Porter v. New York State Div. of Hous. & Community Renewal*, 51 A.D.3d 417 (1st Dep't 2008), lv. denied 11 N.Y.3d 703 (2008). "A final administrative determination cannot be reopened to give a party an opportunity to make a new argument based on the existing administrative record." *See, Matter of Pantelidis v. New York City Bd. of Stds. & Appeals*, 43 A.D.3d 314, 315 (1st Dep't 2007), affd. 10 N.Y.3d 846 (2008) [no remand is appropriate where a party is "merely seeking a second chance to reach a different determination on the merits."] "That is simply not one of the recognized exceptions to the principle of administrative finality." *See, Gersten v. 56 7th Ave. LLC*, 88 A.D.3d 189 (1st Dep't 2011).

This Court is "mindful of the fact that, notwithstanding the general rule of administrative finality- giving *res judicata* or collateral estoppel effect to an administrative agency ruling- DHCR has the discretion to reconsider its determinations under certain circumstances." See, *Gersten v. 56 7th Ave. LLC*, 88 A.D.3d 189 (1st Dep't 2011). The plaintiff did not file an appeal to the DHCR deregulation by way of an administrative appeal, or by commencing an *Article 78* proceeding. This Court finds Plaintiff has failed to raise a legal challenge to DHCR's determinations regarding the rent stabilization of the subject apartment, and this Court will not disturb DHCR's ruling on the basis of an administrative reconsideration over a decade later. *Id*. Thus, this Court finds Plaintiff has failed to raise new legal challenges to the former owner's initial application with DHCR. Therefore, this Court grants Defendants' motion.

Accordingly, it is hereby

**ORDERED** that the Defendants 63 Company, LLC and Digby Management, LLC's motion for summary judgment pursuant to *CPLR § 3212(a)* and *(b)*, awarding Defendants partial summary judgment dismissing Plaintiff's First Cause of Action for a declaratory judgment and Second Cause of Action for willful rent overcharge is GRANTED; and it is further

**ORDERED** that the Defendants 63 Company, LLC and Digby Management, LLC's motion to amend their counterclaim pursuant to *CPLR §3025(c)* is GRANTED; and it is further

**ORDERED** that the Defendants 63 Company, LLC and Digby Management, LLC's motion pursuant to *CPLR § 3212* granting summary judgment in favor of 63 Company is GRANTED; and it is further

**ORDERED** that 63 Company, LLC is awarded a final judgment against Plaintiff Bianca Mlotok in the amount of $9,040.00 for monthly rent owed through May 31, 2022; and it is further

[* 7]

**ORDERED** that within 30 days of entry, defendants shall serve a copy of this decision/order upon the plaintiff with notice of entry; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision and Order of the Court.

_____4/8/2024_____
**DATE**

_____
**LISA S. HEADLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

[* 8]