■ In the Matter of SOHO ALLIANCE et al., Respondents, v NEW YORK STATE LIQUOR AUTHORITY et al., Respondents, and GINX, INC., Doing Business as LOLA, Appellant. [821 NYS2d 31]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered December 2, 2005, which, inter alia, granted the application of petitioners community groups and individuals to annul respondent State Liquor Authority's determination to grant respondent-appellant a liquor license, and directed the Authority to cancel the liquor license, unanimously reversed, on the law, without costs, the order to cancel the liquor license vacated and the matter remanded to the Authority for a more detailed recitation of its reasons for finding that the granting of the liquor license is in the public interest.

Supreme Court correctly observed that the Authority failed to articulate its reasons for finding that the granting of the subject liquor license is in the public interest, and thus in accordance with Alcoholic Beverage Control Law § 64 (7) (f) (retail liquor license for on-premises consumption may not be issued for a premises within 500 feet of three or more existing licensed premises except upon a finding that such license would be in public interest, which finding is to be made after consultation with the municipality or community board and a hearing on notice to the applicant and the municipality or community board).

Nevertheless, this was an insufficient reason for annulling the Authority's determination. As respondent-appellant Lola asserts, a reviewing court is not entitled to interfere in the exercise of discretion by an administrative agency unless there is no rational basis for the exercise, or the action complained of is arbitrary and capricious (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). In the instant case, the Authority conducted the statutory hearing, and in its five-page decision granting the liquor license reviewed the reasons given by both parties, for and against, granting the license. In granting the license and stating that it did so having

considered "all the facts and circumstances" as well as "the criteria set forth in Section 64, subdivision 6-a of the Alcoholic Beverage Control Law" it may be surmised that the Authority adopted as its own the reasons of those in favor of the license. But the Authority does not expressly state so.

Nevertheless, petitioners' reliance on our decisions in *Matter of Waldman v New York State Liq. Auth.* (281 AD2d 286 [2001]) and *Cleveland Place Neighborhood Assn. v New York State Liq. Auth.* (268 AD2d 6 [2000]), is misplaced. In the former, the Authority's statement of reasons was contained in just two short sentences, which we deemed to be a "perfunctory recitation" (281 AD2d at 286). In the latter, we found that there was no record of any meeting and thus no way to ascertain if the meeting satisfied the statutory hearing requirement (268 AD2d at 12). Neither set of circumstances is applicable to the instant case. Here, the Authority conducted a hearing, and produced a five-page report leading to its determination.

What is missing from the Authority's decision is a specific expression of its reason or reasons for its finding that granting a liquor license is in the public interest. CPLR 7806, however, permits us to remit the matter to the Authority for further proceedings (*Matter of Rochester Colony v Hostetter*, 19 AD2d 250 [1963]).

Thus, we reverse the judgment, vacate the direction to the Authority to cancel the liquor license, and remit to the Authority, pursuant to CPLR 7806, directing it only to properly state its reasons for granting the liquor license.

On remand, there need be no further "consultation" with the Community Board. It is clear that the Community Board was given notice of the hearing and that its vote against the license was considered by the Authority. The statute does not require any further Authority consultation with the Community Board beyond the notice and opportunity to be heard that was given.

Finally, the remand is without prejudice to further CPLR article 78 litigation in the event that petitioners wish to challenge the Authority's findings. Concur—Marlow, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.