*582 Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered April 12, 2012, denying the petition to annul respondent New York State Liquor Authority’s (SLA) determination to renew the liquor license of respondent 114 Kenmare Associates, LLC, doing business as La Esquina Restaurant, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
In order to challenge the determination of an administrative proceeding, a party must have standing (Matter of Gernatt Asphalt Prods, v Town of Sardinia, 87 NY2d 668, 687 [1996]). “Generally, standing to challenge an administrative action turns on a showing that the action will have a harmful effect on the challenger and that the interest to be asserted is within the zone of interest to be protected by the statute” (id.).
Here, petitioner repeatedly asserts that the basis for the instant proceeding is the failure by La Esquina and the SLA to comply with Alcoholic Beverage Control Law former § 64 (2-a), now § 110-b (1) (b); (5)* in its most recent renewal of La Esquina’s liquor license. Specifically, petitioner contends that La Esquina failed to abide by the notice requirement promulgated by Alcoholic Beverage Control Law former § 64 (2-a) and that the SLA failed to make Community Board 2’s (CB 2) opposition to renewal of La Esquina’s license part of the record granting renewal.
Alcoholic Beverage Control Law former § 64 (2-a) stated that “upon receipt of. . .an application for renewal under [Alcoholic Beverage Control Law § 109] . . . the applicant shall notify the clerk of the village, town or city, as the case may be, by certified mail, return receipt requested, wherein the prospective licensed premises is to be located or, in the case of an application for renewal, or alteration where it is presently located not less than thirty days prior to the submission of its application for a license under this section or for a renewal thereof pursuant to [Alcoholic Beverage Control Law § 109] ... In the City of New York, the community board . . . with jurisdiction over the area in which such licensed premises is to be located shall be considered the appropriate public body to which notification *583 shall be given. Such municipality or community board, as the case may be, may express an opinion for or against the granting of such license. Any such opinion shall be deemed part of the record upon which the liquor board makes its determination to grant or deny such license” (emphasis added).
Clearly, Alcoholic Beverage Control Law former § 64 (2-a) only conferred the right to notice upon the filing of a licencee’s renewal application to the relevant community board. Similarly, pursuant to this statute, only the community board’s opposition, if any, must be made part of the record granting or denying renewal. Given petitioner’s grounds for the instant proceeding, it is clear that she seeks to assert not her rights as a person injured by the SLA’s renewal of La Esquina’s alcohol license, but rather the rights afforded to CB 2 by Alcoholic Beverage Control Law former § 64 (2-a). Since petitioner is neither a member of CB 2 nor is bringing this proceeding on its behalf, she must therefore establish that she has third-party standing to bring this proceeding. While generally a party has no standing to raise the legal rights of another (Society of Plastics Indus, v County of Suffolk, 77 NY2d 761, 773 [1991]), a party establishes third-party standing when (1) there is a substantial relationship between the party asserting the claim and the rightholder; (2) it is impossible for the rightholder to assert his or her own rights; and (3)the need to avoid a dilution of the parties’ constitutional rights (New York County Lawyers’ Assn. v State of New York, 294 AD2d 69, 74-75 [1st Dept 2002]).
Upon a review of the record we conclude that based on the grounds raised in her petition, namely the SLA’s and La Esquina’s failure to comply with Alcoholic Beverage Control Law former § 64 (2-a), petitioner fails to establish any of the requisite elements giving her third-party standing to bring this proceeding on CB 2’s behalf. Moreover, contrary to petitioner’s assertion, she also fails to establish that she has individual standing to bring this proceeding. Generally, upon demonstrating that the SLA’s determination to grant a liquor license will cause them injury, residents living in the vicinity of an establishment licensed by the SLA have standing to challenge such a determination (see Matter of Ban the Bar Coalition v New York State Liq. Auth., 12 Misc 3d 1192[A], 2006 NY Slip Op 51544[U], *8 [Sup Ct, NY County 2006]; Matter of Soho Alliance v New York State Liq. Auth., 10 Misc 3d 1078[A], 2005 NY Slip Op 52253[U], *4 [Sup Ct, NY County 2005], revd on other grounds 32 AD3d 363 [1st Dept 2006]). Here, however, we find that while petitioner avers that she has been injured by the SLA’s most recent renewal of La Esquina’s liquor license, her petition *584 makes it clear that this injury—primarily the level of noise emanating from La Esquina—is not the basis for the instant proceeding. On the contrary, as noted above, the petition is premised on injuries to CB 2, which absent the requisite showing, petitioner has no standing to assert. Accordingly, the petition was properly dismissed. Having found that petitioner has no standing to bring the instant proceeding, we need not reach the merits of her appeal.
While the issue of standing was raised by the SLA for the first time on appeal, it may nevertheless be entertained at this juncture since it poses a question of law that could not have been avoided had it been raised before the motion court (Delgado v New York City Bd. of Educ., 272 AD2d 207 [1st Dept 2000], lv denied 95 NY2d 768 [2000], cert denied 532 US 982 [2001]). Concur—Saxe, J.P., Renwick, Freedman, Roman and Gische, JJ. [Prior Case History: 2012 NY Slip Op 30864(U).]

 Petitioner’s brief on appeal is replete with references to the grounds upon which she brings the instant proceeding. For example she avers that the crux of her complaint is that the “SLA renewed La Esquina’s liquor license despite La Esquina’s failure to timely notify CB2 Manhattan and despite CB2’s letter request that the SLA take CB2’s resolution into account before making any final determination on the renewal application.”