Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered April 24, 2013, annulling respondent’s determination, dated June 4, 2012, which denied petitioner’s application for an on-premises liquor license, and remanding the matter to respondent for further proceedings consistent with the order, unanimously reversed, on the law, without costs, the judgment vacated, the petition to annul the determination denied, and the proceeding brought pursuant to CELR article 78 dismissed.
Respondent denied petitioner’s application for a liquor license in connection with a strip club to be located in Long Island City. It had previously denied a similar application by another corporate entity with one of the same individual principals. In both cases, respondent found, after a public hearing, that good cause had been shown to deny the application, i.e., that “public convenience and advantage and the public interest” would not be promoted by issuance of the license (Alcoholic Beverage Control Law § 64 [1], [6-a]).
Respondent’s determination is supported by two reasons, including community impact, articulated in its written determination and by information presented to it in the hearings conducted in connection with the application (see Matter of Soho Alliance v New York State Liq. Auth., 32 AD3d 363 [1st Dept 2006]; compare Matter of Circus Disco v New York State Liq. Auth., 51 NY2d 24, 38 [1980]).
Respondent’s determination to adhere to its prior determina *510 tion that one of the individual applicants did not possess the requisite character and fitness is supported by the evidence that the individual had become a shareholder of another licensed business without obtaining prior approval by respondent, as required by statute. The hearing testimony supports respondent’s further conclusion that, although the proposed establishment is consistent with existing zoning, issuance of the liquor license would conflict with recent development and capital improvements in the area, including new residential units, hotels and businesses and a new high school.
Respondent’s concern that petitioner did not make a full disclosure of all persons financially interested in the business, and the sources of investment (Alcoholic Beverage Control Law § 110 [1] [h]), is based on petitioner’s claim that it had invested much more in the business than the disclosed amounts invested by the two individual principals. While, as petitioner points out, members of respondent also expressed concern that the second individual principal was acting as a front for the prior individual applicant, who had a felony conviction and who remained involved as landlord, that concern was not articulated in the final written determination.
Concur — Acosta, J.R, Renwick, Feinman and Clark, JJ.