Matter of 151st St. Discount Liquors, Inc. v New York State Liq. Auth. (2020 NY Slip Op 07265)





Matter of 151st St. Discount Liquors, Inc. v New York State Liq. Auth.


2020 NY Slip Op 07265


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 161298/19 Appeal No. 12536 Case No. 2020-01533 

[*1]In the Matter of 151st St. Discount Liquors, Inc., Petitioner-Respondent,
v
New York State Liquor Authority, Respondent-Appellant.


Gary Meyerhoff, New York State Liquor Authority, Albany (Mark D. Frering of counsel), for appellant.
Joseph A. Altman, P.C., Bronx (Joseph A. Altman of counsel), for respondent.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about December 20, 2019, granting the petition to the extent of annulling respondent's cancellation of petitioner's liquor license effective November 15, 2019, ordering petitioner to pay a $25,000 fine, and suspending the license for 30 days, unanimously reversed, on the law, without costs, the judgment vacated, the petition denied, and the proceeding brought pursuant CPLR article 78 dismissed.
Petitioner, a dissolved corporation by proclamation pursuant to Tax Law § 203-a, lacked legal capacity to bring this proceeding to review, annul and vacate the cancellation of its liquor license, warranting dismissal of its article 78 petition (see Business Corporation Law § 1005[1]; B & O Realty Corp. v Chong-Yau Jeng, 201 AD2d 439 [1st Dept 1994]).
In any event, the punishment imposed by respondent of license cancellation and bond forfeiture was proportionate to petitioner's fourth offense, in less than three years, of selling alcohol to a minor in violation of Alcoholic Beverage Control Law § 65(1), and does not shock one's sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck , Westchester County, 34 NY2d 222, 233 [2000]; Matter of Monessar v New York State Liq. Auth., 266 AD2d 123 [1st Dept 1999]). There was no basis for the article 78 court to annul the penalty imposed by respondent and impose its own (see Matter of Soho Alliance v New York State Liq. Auth., 32 AD3d 363, 363 [1st Dept 2006]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020