| |
|---|
| **Central Hudson Assoc. LLC v New York State Div. of Hous. & Community Renewal** |
| 2026 NY Slip Op 30825(U) |
| March 3, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 156530/2025 |
| Judge: Phaedra Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PHAEDRA F. PERRY**                     PART              35
                              *Justice*

------------------------------------------------------------------------X

CENTRAL HUDSON ASSOCIATES LLC                         INDEX NO.        156530/2025

                          Petitioner,                 MOTION DATE      05/19/2025

                                                      MOTION SEQ. NO.      001
            - v -

NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL,                                    **DECISION + ORDER ON
                                                          MOTION**
                          Respondent.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 7, 8
were read on this motion to/for                 ARTICLE 78 (BODY OR OFFICER)                .

Petitioner, Central Hudson Associates LLC (Petitioner/Owner) is the owner of the

building located at 570-574 West End Avenue, New York, NY (The Building). The Building is

subject to the Rent Stabilization Law of 1969 (RSL) and the City Rent and Rehabilitation Law

(Rent Control Law).   Petitioner seeks review pursuant to CPLR Article 78, of a DHCR order

dated March 19, 2025, in which DHCR's Deputy commissioner (The Commissioner) amended a

DHCR modification order by reducing the rents of the rent-regulated apartments at the Building.

For the reasons discussed, the Petition is denied. .


## BACKGROUND

On October 12, 2021, The Owner filed an application for modification of services

seeking permission to (1) convert the manually-operated freight elevator into an automatic

passenger elevator, (2) modify the trash disposal procedure, and (3) transition the porter into a

part-time doorman which the building did not previously have. Prior to the modification, the

tenants deposited their trash and recycling in bins next to the freight elevator where it was

**156530/2025  CENTRAL HUDSON ASSOCIATES LLC vs. NEW YORK STATE DIVISION OF**          **Page 1 of 6**
**HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

1 of 6

[* 1]

collected by the porter and brought to the basement for sorting. The modification required the tenants transport their own garbage/recycling to a new area in the basement containing larger bins for trash and recycling. In the application, The Owner stated this change would free up time for the current porter to become a part-time doorman. The additional passenger elevator would alleviate some of the burden on the two existing passenger elevators, and the new part-time doorman would be able to check in guests and packages, increasing tenant safety and security.

On December 8, 2022, the Rent Administrator (RA) issued the Modification Order granting the application in its entirety, at no change in rent, finding that the modification would not be inconsistent with rent regulatory laws and regulations.

Various tenants objected to the modifications and filed petitions for administrative review (PARs) challenging the Modification Order alleging *inter alia* that the Modification Order improperly granted The Owner's application and arguing they are now performing the duty of the porter by bringing their garbage downstairs to the basement.

In an Order dated March 19, 2025, The Commissioner granted in part, the tenant's appeal and amended the RA's Order to include a $5.00 permanent rent reduction for all affected rent regulated tenants effective January 1, 2023. Petitioner subsequently filed the instant Petition arguing that the Commissioner's amendment of the Modification Order considered arguments that were not made in the PAR against the RA's Order and additionally DHCR lacked subject matter jurisdiction to consider a PAR against an RA's Order where the arguments contained in the PAR were not made during the proceeding before the RA.

*[INTENTIONALLY LEFT BLANK]*

156530/2025   CENTRAL HUDSON ASSOCIATES LLC vs. NEW YORK STATE DIVISION OF
HOUSING AND COMMUNITY RENEWAL
Motion No. 001

Page 2 of 6

2 of 6

## LEGAL ANALYSIS

In the context of Article 78 proceedings, courts have held that "a reviewing court is not entitled to interfere in the exercise of discretion by an administrative agency unless there is no rational basis for the exercise, or the action complained of is arbitrary and capricious." (*Matter of Soho Alliance v New York State Liquor Authority*, 32 AD3d 363, [1st Dept 2006],citing to *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, Westchester County*, 34 N.Y.2d 222, (1974*))* ("[r]ationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard."). "The arbitrary or capricious test chiefly 'relates to whether a particular action should have been taken or is justified ... and whether the administrative action is without foundation in fact.' Arbitrary action is without sound basis in reason and is generally taken without regard to facts." (*Pell*, 34 N.Y.2d at 231 (internal citations omitted)).  Moreover, "[a]n agency's interpretation of its own regulations is entitled to deference if that interpretation is not irrational or unreasonable [internal quotation marks and citations omitted]." (*Matter of IG Second Generation Partners Tr. P. v New York State Div. of Hous. and Community Renewal, Off. of Rent Admin.*, 10 NY3d 474, (2008).

Further, where an administrative determination necessitates an evaluation of the facts within an administrative entity's area of expertise, the determination must be accorded great weight and judicial deference (*Nelson v. Roberts*, 304 A.D.2d 20, 23 [1st Dep't 2003]; *Flacke v. Onondaga Landfill Systems, Inc.*, 69 N.Y.2d 355, 363,  [1987]). While judicial review must be meaningful, it is not the role of the courts to weigh the desirability of any action or to choose among alternatives (6 N.Y. Jur.2d Article 78 sec. 13). "The judicial function is at an end once it has been determined that an agency's conclusion has a sound basis in reason" (6 N.Y. Jur.2d Article 78 sec. 15).

**156530/2025  CENTRAL HUDSON ASSOCIATES LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No.  001**

**Page 3 of 6**

The Petitioner argues that the modification constituted a substitution of required services and not a decrease. Petitioner contends that the Commissioner properly conceded that the Tenants did not raise certain arguments during the RA's proceeding, and that the RA properly ruled that the newly asserted arguments in the PAR could not be considered. The Petitioner further argues that because these arguments were not considered, DHCR lacked the subject matter jurisdiction to decide their PARS rendering the PARs a nullity. Moreover, they argue that the Commissioner acted in an *ultra vires* fashion and created an entire new proceeding *de novo*.

DHCR argues that DHCR shall determine what constitutes a required service and that RSC §2527.8 provides that DHCR, on its own initiative, may issue an order or modify a prior order which it finds was the result of irregularity in a vital matter. DHCR also argues that the Commissioner's Order is in accordance with the Rent Stabilization Law and Code and based upon evidence in the record.

Section 2520.6 (r)(l) of the RSC defines required services as those services which the owner maintained or was required to maintain on the applicable base date.

Rent Stabilization Code Section 2522.4(e) allows an owner to modify or substitute a required service provided "such modification or substitution is not inconsistent with the [Rent Stabilization Law] or Code." The test is whether there is an "adequate substitute" for the modification of the service (*Matter of Lite View LLC v. New York State Div. of Hous. & Community Renewal,* 97 AD3d 105, [1st Dept. 2012]).

Section 2527.8 of the RSC permits DHCR, on application of either party, or on its own initiative to issue a superseding order modifying or revoking any order issued by it where the DHCR finds that such order was the result of inter alia, irregularity in vital matters.

156530/2025  CENTRAL HUDSON ASSOCIATES LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL
Motion No. 001

Page 4 of 6

4 of 6

[* 4]

In this case, The Commissioner carefully considered the entire record before determining that a modification of the Rent Administrator's order was necessary to the extent the owner was granted permission to modify the trash/recycling disposal procedure, and that the modification constituted a decrease in services warranting a permanent reduction in rent. The Commissioner precluded two of the tenants, (Chase and Alper) from raising any issues concerning the RA's Order and additionally noted that tenant Weldon, who responded, failed to make specific complaints opposing the proposed modifications. The Commissioner found that since the tenants failed to raise any specific objections to the quality or adequacy of the proposed modifications during the pendency of the RA's proceeding, the issues would not be considered by The Commissioner. However, The Commissioner noted that Section 2527.8 of the RSC permitted DHCR on application of either party, or on its own initiative to issue a superseding order modifying or revoking any order issued where the DHCR finds that such order was the result of *inter alia*, irregularity in vital matters. The Commissioner found that past precedents dictated a rent reduction was warranted.

*[INTENTIONALLY LEFT BLANK]*

156530/2025   CENTRAL HUDSON ASSOCIATES LLC vs. NEW YORK STATE DIVISION OF                    Page 5 of 6
HOUSING AND COMMUNITY RENEWAL
Motion No. 001

5 of 6

Based on these facts, this Court finds that the Deputy Commissioner's Order was rational and was neither arbitrary nor capricious.

Accordingly, it is

ORDERED and ADJUDGED  that Petitioner's request for relief under Article 78 of the CPLR is denied and the Petition is dismissed in its entirety.

_____
3/3/26
DATE

_____
HON. PHAEDRA PERRY-BOND, J.S.C.

CHECK ONE:    [x] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

   [ ] GRANTED    [x] DENIED    [ ] GRANTED IN PART    [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

[ ]

[ ]

156530/2025  CENTRAL HUDSON ASSOCIATES LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL
Motion No. 001

Page 6 of 6

6 of 6

[* 6]