| |
|---|
| **West 56th St. Assoc. v New York State Div. of Hous. & Community Renewal** |
| 2026 NY Slip Op 31035(U) |
| March 18, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 159860/2025 |
| Judge: Paedra F. Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. PHAEDRA F. PERRY** | PART 35 |
| *Justice* | |

-----------------------------------------------------------------------X

WEST 56TH STREET ASSOCIATES

               Plaintiff,

      - v -

NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL,

             Defendant.

-----------------------------------------------------------------------X

| INDEX NO. | 159860/2025 |
|---|---|
| MOTION DATE | 07/28/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38

were read on this motion to/for       ARTICLE 78 (BODY OR OFFICER)    .

Petitioner, West 56th Street Associates, (Petitioner or Owner) is the landlord of apartment 23M located at 330 West 56th Street, New York, NY (the Building). Petitioner moves pursuant to Article 78, seeking to annul, vacate and set aside the Orders of the New York State Division of Housing and Community Renewal (DHCR) dated June 3, 2025, and May 30, 2023 which denied Petitioners petition for administration review dated August 18, 2022, from the Order of the DHCR's Rent Administrator dated July 28, 2022.

DHCR, cross move to remand the proceeding back to DHCR to hold a hearing on the matter. For the reasons discussed, the Petitioner's petition is denied, and DHCR's cross-petition is denied.

[* 1]

# BACKGROUND

Tenant filed a service complaint with DHCR on November 8, 2019, claiming that his access to the roof was revoked despite using the roof since his lease began in 1985. Petitioner opposed and argued that it did not sanction the Tenant's use of the roof and that the suspension of the roof was *de minimis* and did not warrant a rent reduction. Petitioner further argued that it did not provide formal facilities on the roof. Tenant countered that paving blocks that were previously installed constituted a formal facility.

On July 28, 2022, DHCR granted the Tenant's service complaint finding that the Petitioner had failed to refute the Tenant's allegations and failed to file an Application to Modify Services. The Petitioner filed a Petitioner for Administrative Review (PAR) claiming that the building registration statement did not list roof access and that the only evidence presented by the Tenant consisted of a self-serving letter and pavers which do not constitute a formal facility.

In response, the Tenant provided real estate listings that referenced roof access in the building which the Petitioner claimed was not sanctioned, inaccurate and constituted new evidence which could not be offered.

On May 30, 2023, DHCR issued an Order and Opinion denying the PAR, finding that the concrete pavers constituted a formal facility (an ancillary service) that was removed, while also noting that the lease language stated that tenants could not use barbecue equipment on any terraces, balconies or roof spaces. The PAR Order pointed to a provision of the lease entitled "Storeroom Use" that states if an owner permits a tenant to use any storeroom, laundry or any

**159860/2025 WEST 56TH STREET ASSOCIATES vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No. 001**

Page 2 of 6

2 of 6

other facility located in the building, its use would be furnished free from charge and at their own risk except for loss suffered by the owner's negligence.

On July 12, 2023, Petitioner filed an Article 78 challenging DHCR's May 30, 2023, PAR Order. Based on a stipulation between the parties, the case was remanded on October 24, 2023.

On June 3, 2025, DHCR issued an Order and Opinion on remand denying the second PAR which found that the previous PAR Order should be affirmed, that the Tenant was entitled to a rent reduction for a decrease in the service of accessing the roof, and that roof access was a required ancillary service and not *de minimis*.

On July 28, 2025, Petitioner filed an Article 78 to overturn the June 3, 2025, Second PAR Order arguing that the Tenant failed to establish what he used the roof for, how he accessed the roof, how long it was used for and whether the Owner gave Tenant permission to use the roof. The Petitioner also questioned the real estate listing that referenced roof access, and whether it was sanctioned by the Petitioner.

In the instant matter, the Petitioner seeks to annul, vacate and set aside the Orders of the DHCR dated June 3, 2025, and May 30, 2023, which denied Petitioner's petition for administrative review dated August 18, 2022, from the Order of the DHCR's Rent Administrator dated July 28, 2022.

DHCR cross-moves to remand the matter back to DHCR to hold a hearing on the issues still in dispute, arguing that a hearing is necessary to elicit testimony and to obtain further facts surrounding the use of the roof beyond the current written submissions. They further argue that a new determination may obviate the need for judicial review of this matter and that any affected party may challenge the finding of a Hearing by DHCR after remittal of the matter.

159860/2025 WEST 56TH STREET ASSOCIATES vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL
Motion No. 001

Page 3 of 6

[* 3]

3 of 6

## DISCUSSION

In the context of Article 78 proceedings, courts have held that "a reviewing court is not entitled to interfere in the exercise of discretion by an administrative agency unless there is no rational basis for the exercise, or the action complained of is arbitrary and capricious." (*Matter of Soho Alliance v New York State Liquor Authority*, 32 AD3d 363, [1st Dept 2006],citing to *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, Westchester County*, 34 N.Y.2d 222, (1974*)*) ("[r]ationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard."). "The arbitrary or capricious test chiefly 'relates to whether a particular action should have been taken or is justified ... and whether the administrative action is without foundation in fact.' Arbitrary action is without sound basis in reason and is generally taken without regard to facts." (*Pell*, 34 N.Y.2d at 231 (internal citations omitted)). Moreover, "[a]n agency's interpretation of its own regulations is entitled to deference if that interpretation is not irrational or unreasonable [internal quotation marks and citations omitted]." (*Matter of IG Second Generation Partners Tr. P. v New York State Div. of Hous. and Community Renewal, Off. of Rent Admin.*, 10 NY3d 474, (2008).

Petitioners oppose a remand back to DHCR and argue that the Court should deny the application because there is no legitimate reason for the remand. Petitioner contends that the request for remand would only be appropriate where DHCR conceded an error in its determination resulting from an irregularity, illegality or fraud in vital matters. Instead, Petitioner argues that DHCR is simply asking for a third opportunity to do its job correctly, which is not a legitimate reason for a remand and they have failed to concede in its papers that its determination was improper or incorrect.

159860/2025 WEST 56TH STREET ASSOCIATES vs. NEW YORK STATE DIVISION OF HOUSING Page 4 of 6
AND COMMUNITY RENEWAL
Motion No. 001

[* 4]                                                             4 of 6

DHCR argues that additional questions exist, substantial rights are involved, and a hearing is necessary to elicit testimony and obtain further facts surrounding the use of the roof. However, the rulings made by DHCR on Petitioner's PAR properly disposed of the issues and were not arbitrary, capricious, irrational, contrary to law or based on an incomplete record. Moreover, in its cross-motion, DHCR has not taken the position that the agency's Orders/rulings were improper, or the result of irregularity in vital matters or fraud (NYCRR §2527.8).

Once an administrative agency has decided a matter, based upon a proper factual showing and the application of its own regulations and precedent, the parties to that matter are entitled to have the determination treated as final. Although a remand may be appropriate where the agency has made the type of substantial error that constitutes an "irregularity in vital matters" (*Matter of Porter v New York State Div. of Hous. & Community Renewal*, 51 AD3d 417, [2008]), no remand is appropriate where the agency is "merely seeking a second chance to reach a different determination on the merits" (*Matter of Pantelidis v New York City Bd. of Stds. & Appeals*, 43 AD3d 314, [2007], affd 10 NY3d 846, [2008] [internal quotation marks omitted]). The court may also remand a matter to the agency where fact-finding or technical analysis is needed for a proper adjudication (*Matter of Hakim v Division of Hous. & Community Renewal*, 273 AD2d 3, [2000]). However, it appears to this Court that DHCR is merely seeking another chance to perhaps reach a different conclusion on the merits. Simply put, there is no proper basis or legitimate reason to remand the case back to DHCR.

Accordingly, it is

ORDERED that the Petitioner's petition is DENIED; and it is further

ORDERED that DHCR's cross-motion is DENIED; and it is further

159860/2025  WEST 56TH STREET ASSOCIATES vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL
Motion No.  001

Page 5 of 6

5 of 6

ORDERED that within ten days of entry, counsel for Petitioner shall serve a copy of this

Decision and Order, with notice of entry, on DHCR via NYSCEF.

This constitutes the Decision and Order of the Court.

3/18/26
DATE

HON. PHAEDRA F. PERRY-BOND, J.S.C..

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | x | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

159860/2025 WEST 56TH STREET ASSOCIATES vs. NEW YORK STATE DIVISION OF HOUSING
AND COMMUNITY RENEWAL
Motion No. 001

Page 6 of 6

6 of 6

[* 6]